# (April 10, 1973)

■ In the Matter of Dennis K. Sekaloff, on Behalf of Harry Letlough, Petitioner, v. Frank Hogan, as District Attorney of County of New York, et al., Respondents.— Petition, pursuant to article 78 CPLR, unanimously granted to the extent of remanding for reinstatement of the plea of guilty and for further proceedings thereon. The trial court was without power to grant the People's application to withdraw defendant's previously entered plea of guilty over the objection of the defendant thereto. The matter is therefore remanded for reinstatement of the plea of guilty and for further proceedings thereon. Concur — Stevens, P. J., Lane and Capozzoli, JJ.; Steuer and Kupferman, JJ., concur in the following memorandum by Steuer, J.: We concur in the result for reasons not expressed in the majority opinion. We further believe that the statement of these reasons will be of assistance to the sentencing court and avoid extensive post-trial applications, which would otherwise almost inevitably develop. The defendant was charged in an indictment with several serious crimes. On August 30, 1972, he withdrew his plea of not guilty and offered to plead guilty to assault in the second degree, the third count in the indictment, to cover the indictment. The District Attorney agreed to accept the plea, recommending it to the court for the stated reason that there would be difficulty in supplying corroborating testimony and that, as the statute allowed a sentence of up to seven years, the court would have leeway on sentence. The court carefully explained the plea to the defendant and further advised him that he could receive any sentence up to seven years that the court deemed fitting to impose. After receiving assurance from the defendant that no promise had been given him as to sentence, and that he had committed the acts charged in the indictment, the court accepted the plea and set October 24 for sentence. On that date the parties appeared. The defendant's counsel stated that his notes revealed that a sentence of five years had been agreed upon. The District Attorney disputed this. After some colloquy an adjournment for one day was taken to obtain the presence of the Assistant District Attorney who had appeared on the pleading. The contentions of the parties remained the same. The court ruled that the defendant would be allowed to withdraw his plea of guilty and that the plea of not guilty would be reinstated. At this point we believe the action of the court to have been entirely proper. True, a defendant has the right after his plea of guilty is accepted to stand upon his plea. But even if there is an agreement as to sentence between the District Attorney and the defendant, absent a prior agreement by the court there is no right to be sentenced according to that agreement. The court is not bound. The defendant's remedy, if he has been induced to enter a plea by the District Attorney's representation, is to be relieved of his agreement by being allowed to withdraw his plea. In the phraseology of contract, he may rescind but he cannot seek specific performance. The situation presented to the court was exactly this. The court could have decided, had the facts so appeared to him, that there was no agreement or representation as to sentence, and have sentenced the defendant as he believed the situation warranted. In so doing there would be the risk of the defendant later establishing that his plea was based on the District Attorney's representation that the sentence would not exceed five years. The court gave the defendant the benefit of all doubt. Had the matter ended there we believe an affirmance would be in order. But it did not. On hearing the court's ruling, the defendant through his counsel stated: "Your Honor, the defendant does not wish to withdraw his plea. He makes an application to be sentenced. He wishes to be sentenced

to the seven years, in accordance with the plea that was entered." The defendant thereby conceded that any sentence within the statutory limit would accord with the agreement by which he entered the plea. He patently was not coerced, as he could have had all the relief to which he was entitled. As a consequence he was entitled to be sentenced as he had pleaded.