■ The People of the State of New York, Respondent, v David Damsky, Appellant.—Judgment, Supreme Court, New York County, rendered December 18, 1973, convicting the defendant, upon his plea of guilty, of assault in the first degree, unanimously reversed, on the law and the facts, the sentence and the second plea to the indictment vacated, and the case remanded for sentencing in accordance with the plea of June 5, 1973, by a Justice other than Justice Ascione or Justice Korn, upon an updated probation report. This second plea to the indictment is vacated on the grounds that the first plea was improperly vacated by the court; and defendant is entitled to be sentenced under the conditions agreed to by the District Attorney, the defendant and the court at that time. Initially, on June 5, 1973, the defendant pleaded guilty to attempted assault in the first degree and the court (Ascione, J.) stated that "in all probability" a term of probation would be imposed and that "psychiatric help" might be part of the sentence; but that if the court felt incarceration was called for, the defendant would be permitted to withdraw the plea. On August 9, 1973, the date of sentence, the court permitted the People "the right to withdraw their consent in the acceptance of the plea * * * because they have a complainant who is available". The court did say that defendant would not be placed on probation, but added that since all the psychiatric reports were not yet available no decision could be made as to whether a jail term or confinement to a mental institution was mandated. Defense counsel suggested waiting for the reports in order to enable the court to make a definite determination. The court, however, granted the People's motion to vacate

the plea. Commendably, the District Attorney concedes that the trial court was without power to grant the People's application to withdraw defendant's plea without defendant's consent and, accordingly, agrees to the remand. As this court stated in *People v Griffith* (43 AD2d 20): "Appellant, of course, had no absolute right to have his plea of guilt accepted. *(Lynch v Overholser,* 369 US 705; *Santobello, supra).* But after its acceptance and full agreement on sentence reached, in the absence of fraud the court had no inherent power to set the plea aside without defendant's consent *(Matter of Lyons v Goldstein,* 290 NY 19; *Matter of Sekaloff v Hogan,* 41 AD2d 815)." Lastly, the defendant initially pleaded to attempted assault in the first degree, but the second time he was only permitted to plead to a higher degree of the crime, i.e., assault in the first degree. Thus, defendant was prejudiced by not having the benefit of a lesser felony. The defendant, never having exercised the option (that was his alone) of withdrawing the plea, is entitled to all the conditions of said plea as set forth in the minutes. In view of this disposition an updated probation report is required and the sentence pronounced by a Justice other than Justice Ascione or Justice Korn. Concur —Markewich, J. P., Murphy, Lupiano, Tilzer and Nunez, JJ.