■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MURPHY, Appellant.—Judgment, Supreme Court, Bronx County, rendered September 5, 1974, convicting defendant-appellant, after jury trial, of the crime of rape, first degree, and sentencing him thereon to a term of 5 to 10 years, and of related crimes, sentencing him thereon to lesser sentences concurrent with the sentence imposed upon the conviction for rape, first degree, unanimously reversed, on the law, and the judgment of conviction after trial vacated, and the order of Supreme Court, Bronx County, made March 26, 1974, directing withdrawal of defendant-appellant's plea of guilty to rape, second degree, in full satisfaction of the indictment, entered February 6, 1974, unanimously reversed, on the law, and the plea of guilty entered February 6, 1974, reinstated, and the case remanded to Supreme Court, Bronx County for resentence upon conviction of rape, second degree, by plea of guilty. The record discloses that, though his statements to the court on the projected date of sentence might have been confusing, defendant stood by his plea of guilty as theretofore bargained for and did not desire to withdraw it. The statement made to the probation officer, construed by the court to be a protestation of innocence, was not further inquired into by the court to any extent. The unilateral order of the court vacating the plea of guilty must, in these circumstances, be set aside, and the further proceedings nullified. (See *People v Damsky,* 47 AD2d 822;

*People v Griffith,* 43 AD2d 20.) Concur—Markewich, J. P., Murphy, Silverman, Capozzoli and Lane, JJ.