■ In the Matter of Luis Fernandez, Petitioner, v Irwin Silbowitz, as Justice of the Supreme Court of the State of New York, Respondent.—In this article 78 proceeding seeking a writ of prohibition, the petition is unanimously granted, without costs and without disbursements, to the extent of annulling the court's action in vacating, *sua sponte,* the defendant's pleas of guilty to manslaughter in the first degree under Indictment Nos. 1877/76 and 859/77 over objection of defendant, the said pleas reinstated and the matters remanded to the trial court to afford defendant an opportunity to withdraw his pleas of guilty or to permit his pleas to stand

and for sentence thereon, pending which the trial of the indictment is stayed and prohibited and in the event defendant withdraws said pleas that both indictments proceed to trial. Petitioner seeks dual relief: (1) to mandate enforcement of an alleged prior plea bargain; and (2) to prohibit retrial. The parties agreed to a stay pending determination of this proceeding. Petitioner was indicted for murder in the first degree under Indictment Nos. 1877/76 and 859/77, each involving a separate, unrelated homicide. On March 16, 1977 he pleaded guilty to manslaughter in the first degree in each case. In accepting defendant's pleas, the court stated that after discussion with defense counsel and the District Attorney, "probation report permitting", he would sentence defendant to an indeterminate prison term of three to nine years on each indictment, the sentences to run concurrently. The negotiations covered both indictments. On June 24, 1977, the adjourned date for sentence, the court read into the record the following excerpt with reference to Indictment No. 859/77 from the supplemental probation report it had received, which disclosed a factual basis for a possible defense of self-defense: "Fernandez now admits his guilt. He states that he and the deceased, Hector Perez, had an argument about 'a problem we had' * * * and he and I had a conversation because of a woman, an argument arose from that. Before he killed me I killed him. He put his hand in his belt and I was more agile and I pulled out a gun first". After defendant in open court confirmed that he had made the statement, the court, *sua sponte,* over defendant's objection, vacated the plea, stating: "Mr. Fernandez, I cannot accept the plea. This plea does not constitute an admission to murder *[sic]."* The record is ambiguous as to whether the court set aside the plea to Indictment No. 859/77 only or to both indictments. However, the question is academic, as the court, in the absence of fraud (of which there is no allegation in the record) has no inherent power to vacate a plea without defendant's consent. Accordingly, the vacatur was invalid. *(People v Murphy,* 53 AD2d 530; *People v Damsky,* 47 AD2d 822; *Matter of Lyons v Goldstein,* 290 NY 19.) Instead of vacating defendant's pleas as aforesaid, it was appropriate for the court on June 24, 1977 to have afforded defendant the following options: (1) to withdraw his pleas, in view of the possible defense of self-defense to Indictment No. 859/77; or (2) if the court on the basis of the original and supplemental probation report concluded that the "promised" sentence of three to nine years' incarceration was inadequate, to have given defendant the alternative of either withdrawing his pleas and standing trial or allowing the pleas to remain if he were willing to accept a sentence other than "promised".* *(People v Selikoff,* 35 NY2d 227, 235, 237-238, cert den *Selikoff v New York,* 419 US 1122.) Petitioner claims that the Trial Judge vacated the pleas because of concern that adverse publicity would result if he sentenced defendant to the three- to nine-year term of imprisonment, a lesser sentence than other defendants were receiving before other Judges on similar pleas of guilty. The District Attorney does not answer this allegation but states that discussion as to term of years was initiated by the defense which suggested three to nine years, that respondent did agree to such sentence and was "always willing to negotiate a plea

---

* "[A]ny sentence 'promise' at the time of plea is, as a matter of law and strong public policy, conditioned upon its being lawful and appropriate in light of the subsequent presentence report * * * That the court * * * did not explicitly condition its 'promise' * * * upon its later evaluation after reading the presentence report, is * * * of no consequence." *(People v Selikoff,* 35 NY2d 227, 238, cert den *Selikoff v New York,* 419 US 1122.)

in these cases to Manslaughter in the First Degree", and that the District Attorney is willing and prepared to try these cases shortly. Whether or not trials will be held will depend, however, upon the disposition of these cases upon remand. Concur—Kupferman, J. P., Birns, Capozzoli and Lane, JJ.

