THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA BARTLEY, Appellant.

First Department, December 27, 1977

## APPEARANCES OF COUNSEL

*Rita Hayman* for appellant.

*Robert M. Pitler* of counsel (*Richard Hamburger* with him on the brief; *Robert M. Morgenthau, District Attorney)*, for respondent.

OPINION OF THE COURT

LUPIANO, J. P.

Defendant was indicted on September 20, 1973. The indictment contains six counts, the first three of which relate to a heroin sale occurring on August 21, 1973. The remaining counts (four through six) relate to a separate and distinct heroin sale occurring on September 5, 1973. CPL 220.10 (subd 6), effective September 1, 1973 (L 1973, ch 1051, § 16), states in pertinent part: "(a) Where the indictment charges one of the class A felonies defined in article two hundred twenty of the penal law or the attempt to commit any such class A felony, then any plea of guilty entered pursuant to subdivision four or five must be or must include at least a plea of guilty of a class A felony * * * (c) The provisions of this subdivision shall apply irrespective of whether the defendant is thereby precluded from entering a plea of guilty of any lesser included offense."[1] On October 26, 1973, defendant pleaded not guilty to each count of the indictment. Subsequently, on March 20, 1974, defendant pleaded guilty to count three of the indictment, criminal possession of a dangerous drug in the fourth degree, a class D felony, in satisfaction of all six counts. Counts four and five of the indictment which arose out of the heroin transaction occurring on September 5, 1973 (subsequent to Sept. 1, 1973, the effective date of CPL 220.10, subd 6), were A felonies as defined in article 220 of the Penal Law. Defendant was to be sentenced on April 25, 1974, which sentencing date was adjourned to May 10, 1974. At that time, the District Attorney moved to vacate the plea on the ground that it was invalid under CPL 220.10 (subd 6) applicable to offenses committed after September 1, 1973. The court (SUTTON, J.) agreed that it was in error in accepting the guilty plea, vacated that plea and reinstated the not guilty plea. After a jury trial, defendant was convicted of criminal sale of a dangerous drug in the third degree and criminal sale of a controlled substance in the second degree. On appeal, defend-

1. This provision is now embodied in CPL 220.10 (subd 5, par [a]), effective July 1, 1976. At the same time it was amended to permit a guilty plea to a C felony where an A-III felony defined in article 220 of the Penal Law is charged. A-I and A-II felony counts, however, are still satisfied only by a guilty plea to no less than an A-III felony. Because count four of the indictment herein charged defendant with criminal sale of a controlled substance in the second degree, an A-II felony, defendant after the 1976 amendments would still be prohibited from pleading guilty to less than an A felony.

ant does not challenge the legal sufficiency of the evidence supporting conviction, contending that the court had no authority to vacate the guilty plea without defendant's consent and that the trial following withdrawal of the plea subjected defendant to double jeopardy.

At the outset it is noted that defendant had no absolute right to have her plea of guilt accepted *(Lynch v Overholser,* 369 US 705; *Santobello v New York,* 404 US 257). Where a plea has been validly accepted and the court has itself agreed on the sentence to be imposed, in the absence of fraud the court has no inherent power to set the plea aside without defendant's consent *(Matter of Lyons v Goldstein,* 290 NY 19; *Matter of Sekaloff v Hogan,* 41 AD2d 815). The court having bound itself to an agreed-upon sentence, there is now full agreement on the sentence. Under such circumstance, it would be improper for the court to vacate the plea and defendant is entitled to specific performance of the court's promise *(People v Griffith,* 43 AD2d 20; see *People v Damsky,* 47 AD2d 822). Further, where a plea has been validly accepted and an agreement as to sentence between the District Attorney and the defendant reached without prior agreement by the court as to sentence, there is no right to be sentenced according to that agreement because the court is not bound. "The defendant's remedy, if he has been induced to enter a plea by the District Attorney's representation, is to be relieved of his agreement by being allowed to withdraw his plea. In the phraseology of contract, he may rescind but he cannot seek specific performance" *(Matter of Sekaloff v Hogan, supra).*

Here, however, we are not concerned with a situation where a valid guilty plea has been accepted and either the court or the People seek to impose a postplea condition that had not been part of the plea bargaining process or to withdraw consent to the guilty plea over defendant's objection, fraud not being present. The critical distinction is that under the circumstances herein, the court had no authority to accept the guilty plea. The vacatur of defendant's guilty plea was based upon a pre-existing statute which forbade a plea to less than an A felony. Accordingly, this infirmity relates to the acceptance of the plea itself and not to sentence. Clearly, the Trial Judge had no discretion to accept the plea herein because he had no authority to consider such plea. He was precluded as a matter of law from considering such plea. As the Legislature of New York, by statute, denied the Trial Judge the authority

to accept the guilty plea to less than a class A felony, the acceptance of a guilty plea to a class D felony is a nullity.

The vacating of the guilty plea did not subject defendant to double jeopardy. "The Fifth Amendment provides that no 'person [shall] be subject for the same offense to be twice put in jeopardy of life or limb * * *' The principle that this provision does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction is a well-established part of our constitutional jurisprudence * * * Corresponding to the right of an accused to be given a fair trial is the societal interest in punishing one whose guilt is clear after he has obtained such a trial. It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction. From the standpoint of a defendant, it is at least doubtful that appellate courts would be as zealous as they now are in protecting against the effects of improprieties at the trial or pretrial stage if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution. In reality, therefore, the practice of retrial serves defendants' rights as well as society's interest" (United States v Tateo, 377 US 463, 465-466). As the act of the court in accepting the guilty plea to less than a class A felony was, in light of the statute, void so that no sentence could be imposed thereunder, and as the order of the court setting aside the defective plea does not operate as an acquittal, it is clear that defendant was not placed in jeopardy.[2] Indeed, as already noted, the provisions of the statute applied "irrespective of whether the defendant is thereby precluded from entering a plea of guilty of any lesser included offense" (CPL 220.10, subd 6, par [c]). "The defense of former jeopardy is designed to protect the citizen from vexations and successive prosecutions for the same offense. When it is asserted, this danger must form its foundation if it is to be sustained. Its application should not defeat the accomplishment of justice. Once again, because of statutory favor, he is presumed innocent as he faces his accusers anew. Appeals are designed for the correc-

2. It is noted that defendant was not sentenced pursuant to the guilty plea and incarcerated in consequence thereof (cf. Palermo v Oswald, 545 F2d 286, affg 412 F Supp 935; petition for writ of certiorari to the United States Supreme Court dismissed, court being advised that Palermo died on March 25, 1977 [431 US 911]).

tion of errors, not the avoidance of responsibility for answering a criminal accusation" *(People v Ercole,* 4 NY2d 617, 621-622).

To recapitulate: in plea bargaining, under the circumstances herein, defendant could only enter a guilty plea to nothing less than a class A felony and the court, in view of the charges in the indictment, could accept such plea, but nothing less. The State Legislature determined to restrict plea negotiation where the defendant is charged with an A felony. Concern with drug trafficking, the crime engendered thereby and the harm inflicted upon society as a whole, prompted the Legislature to enact the so-called "drug laws" which, *inter alia,* mandate life imprisonment and, therefore, lifetime parole or parole release. The constitutionality of these laws was upheld in *People v Broadie* (37 NY2d 100). Enactment of the statute controlling herein (CPL 220.10, subd 6, eff Sept. 1, 1973) had as its purpose the technical and conforming amendments necessary to aid in the proper legal interpretation and implementation of chapters 276, 277, 278 and 676 of the Laws of 1973 (see McKinney's 1973 Session Laws of NY, vol 2, pp 2298-2299). Of further relevance is the following observation: "Plea bargaining, when properly conducted, is a valuable tool to the criminal justice system and has been so recognized by the Court of Appeals and the Supreme Court [citation]. However, approval of the propriety of plea bargaining does not create a constitutional right for a defendant to be able to engage in such bargaining *(Newman v. United States,* 382 F.2d 479). The Legislature, in setting the punishment for these crimes, has limited plea negotiations in keeping with its determination that one who commits a class A drug felony should be sentenced in accordance with the penalties provided for such crimes. This court * * * cannot substitute its judgment for that of the Legislature" *(People v Bullock,* 80 Misc 2d 73, 78-79). No constitutional impediment arises by virtue of the Legislature's limiting the sentencing options available to the judiciary and in prescribing the limits of the penal sanctions to be imposed for class A felonies *(People v Eason,* 40 NY2d 297; *People v Broadie, supra).*

It must be emphasized that defendant's guilty plea to a class D felony was in satisfaction of *all* counts of the indictment which necessarily embraced those counts relating to the second sale of narcotics which occurred on September 5, 1973. If the plea of guilty to the third count of the indictment had

covered only the counts relating to the August 21, 1973 sale, i.e., the first three counts, then defendant could well argue that vacating of such plea without her consent was improper. This is because the remaining counts—four through six—relating to the September 5, 1973 sale would be viable and defendant would still answer for same whether by trial or by further plea bargaining, which under the statute was limited to nothing less than a class A felony. As the guilty plea was to cover *all* counts of the indictment, the trial court properly vacated same as a nullity. Further, the court, upon vacating the guilty plea, inquired of defendant as to what she proposed to do. Defendant determined to go to trial on her reinstated not guilty plea, rather than to further plea bargain, reserving to herself the argument, should she be convicted, that the vacating of the guilty plea was improper. Clearly, defendant has not been treated unfairly.

Accordingly, the judgment of the Supreme Court, New York County (DENZER, J.), rendered May 28, 1975, after a jury trial, convicting defendant of criminal sale of a controlled substance in the second degree and criminal sale of a dangerous drug in the third degree should be affirmed.

EVANS, J. (concurring). The Criminal Procedure Law is clear (§ 220.10) that "The only kinds of pleas which may be entered to an indictment are those specified in this section." Q.E.D. any other plea which may be entered is a nullity. There is no suggestion of discretion contained in the statute, and the erroneous acts of the People in agreeing to this plea and of the trial court in accepting the plea cannot serve to cure the error.

SILVERMAN, J. (dissenting). I think the court should not have set aside, over the defendant's objection, the defendant's earlier plea of guilty to the class D felony.

It is true that the statute forbade the court to accept any plea less than a class A felony for the crime committed after September 1, 1973. But the Supreme Court sitting in New York County obviously had jurisdiction to dispose of this indictment returned by the Grand Jury in the County of New York for crimes alleged to have been committed in the County of New York. The error in accepting the plea in violation of the statute was merely an error of law which did not deprive the Supreme Court of jurisdiction nor render the plea void.

Error that results in a conviction, whether by plea of guilty

or verdict, is unlike other errors that the court can correct over the defendant's objection. This court has recently reaffirmed the rule that "the court, in the absence of fraud (of which there is no allegation in the record) has no inherent power to vacate a plea without defendant's consent." *(Matter of Fernandez v Silbowitz,* 59 AD2d 837.) There is an "adjudicative element inherent in accepting a plea of guilty". *(Santobello v New York,* 404 US 257, 262.) The Supreme Court has declared that a "plea of guilty is more than a confession * * * it is itself a conviction". *(Boykin v Alabama,* 395 US 238, 242.) And so our statute declares (CPL 1.20, subd 13).

Such a plea forms a basis for a defense of previous prosecution (CPL 40.30, subd 1, par [a]; but cf. CPL 1.20, subd 16, par [c]), which is the New York formulation of the double jeopardy principle. (See Denzer, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL art 40.) It is true that the statute goes on to say that the defense of previous prosecution is inapplicable if the relevant proceedings, including the plea of guilty, are subsequently nullified by a court order which restores the action to its prepleading status (CPL 40.30, subd 3). But this does not answer the question as to when the court may so restore the action. That question must be answered in the light of double jeopardy principles.

The statutory provision for change of plea after a plea of guilty is only that the court "may permit a defendant who has entered a plea of guilty to the entire indictment or to part of the indictment to withdraw such plea" (CPL 220.60, subd 3), not that the court may set aside the plea over the defendant's objection.

In the closely analogous area of postjudgment motions, I note that while the People (CPL 440.40) as well as the defendant (CPL 440.20) may move to set aside a sentence as invalid, only the defendant may move to vacate the judgment (CPL 440.10). The conviction on plea of guilty is part of the judgment but not of the sentence (CPL 1.20, subds 13, 14 and 15).

It follows that the Supreme Court erred in vacating the plea of guilty to the class D felony to cover the entire indictment, and that the plea should be reinstated.

After the court set aside the plea, the defendant brought a proceeding under article 78 in the nature of prohibition to prevent prosecution. This court denied the application and dismissed the petition without opinion. *(Matter of Bartley v*

*Sutton,* 46 AD2d 843.) In opposition to the proceeding, the District Attorney urged not only that the vacatur of the plea was valid but also that prohibition was not the proper remedy. The denial of the prohibition is not an adjudication as to the validity of the plea for the purposes of this appeal from the judgment. (See *People v Abbamonte,* 43 NY2d 74, 80, n 1.)

In my view, the judgment of the Supreme Court, rendered May 28, 1975, after jury trial and verdict, should be reversed, and defendant's prior plea of guilty to the crime of criminal possesssion of a dangerous drug, in the fourth degree, a class D felony, to cover the entire indictment, should be reinstated, and the case remanded to the Supreme Court for sentence on said plea.

BIRNS, J., concurs with LUPIANO, J. P.; EVANS, J., concurs in an opinion; SILVERMAN, J., dissents in an opinion.

Judgment, Supreme Court, New York County, rendered on May 28, 1975, affirmed.