■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County, rendered September 12, 1977, convicting defendant-appellant, by plea of guilty, of the crime of attempt to commit the crime of criminal sale of a controlled substance in the first degree, and sentencing him thereon to an indeterminate sentence of six years to life, unanimously reversed, on the law, the plea and the sentence vacated, and the case remanded for further proceedings. The plea and sentence hereby vacated resulted from agreement by defendant, his counsel, the prosecutor, and the court, that defendant's indictment for an actual sale, an A-I felony (Penal Law, § 220.43), be disposed of in that manner. All four were of the mistaken belief that the attempt would constitute an A-II felony, which would have permitted imposition of the sentence pronounced (Penal Law, § 70.00, subd 3, par [a], cl [ii]). The reduction to an attempt did not however disturb the A-I classification (Penal Law, § 110.05, subd 1), so that the minimum sentence capable of being imposed was 15 years (Penal Law, § 70.00, subd 3, par [a], cl [i]). The sentence imposed was patently illegal (cf. *People v Bartley,* 60 AD2d 283), and must be vacated *(People v Miller,* 38 AD2d 745). Furthermore, it is not enough merely to vacate the sentence imposed and allow the plea of guilty to stand. Certainly, in terms of punishment required to be imposed, an A-I felony is not the crime to which defendant intended to plead. Having lost his plea bargain through no fault of his own and, as far as we can ascertain, having acted completely in good faith in carrying out the agreement made with the three supposedly informed other participants, defendant would appear to merit consideration, on his return to Trial Term, by both court and prosecutor for a form of disposition somewhat approximating the result originally contemplated. Concur—Murphy, P. J., Kupferman, Lane, Markewich and Lynch, JJ.