■  In the Matter of ELLIOT L. KAPLAN ex rel. LUIS BONILLA, Petitioner, v HOWARD BELL et al., Respondents.—Motion by the petitioner seeking to declare unconstitutional certain portions of CPL 220.10, to enjoin vacatur of defendant Bonilla's plea and to enjoin the trial of Bonilla upon the charge of murder in the second degree, denied and the cross motion to dismiss the petition granted, without costs or disbursements. Petitioner Bonilla was indicted for murder. His plea to the lesser crime of manslaughter in the first degree was accepted when all involved were under the erroneous impression that Bonilla was 14 years of age. When it was discovered that he was 13 years old, the plea was vacated and Bonilla was directed to stand trial. Under the present statutory structure, a 13 year old may only be criminally responsible for acts constituting murder in the second degree (Penal Law, § 30.00, subd 2), and therefore may not plead guilty to a lesser crime (CPL 220.10, subd 5, par [i]). Petitioner in this article 78 proceeding seeks to compel the trial court to accept his plea to a lesser crime in contravention of the statute. We would entertain a petition to compel a court to perform an act enjoined upon it by law or to prohibit a court from proceeding in excess of its jurisdiction (CPLR 7803). In the case at bar, petitioner seeks to compel a court to act in violation of a presently existing statute, and seeks to review a matter which can adequately be reviewed upon appeal from the final judgment obtained against him (CPLR 7801, subd 1). We find, therefore, that the petition should be dismissed. Concur—Bloom, Lane, Markewich and Silverman, JJ.

Silverman, J., dissents in a memorandum, as follows: I would deny the motion to dismiss this proceeding insofar as it is based on a claim that article 78 is not the proper remedy, and I would direct respondents to answer the petition. Petitioner, a boy of 13 (defendant in the underlying criminal action), indicted for murder, pleaded guilty to the crime of manslaughter in the first degree, and the plea was accepted. This plea had been accepted in the belief that petitioner was 14 years of age, in which event the statute authorized such a plea. The statute does not authorize such a plea in the case of a juvenile under 14. When it appeared petitioner was only 13 years of age, the District Attorney moved to vacate the plea as illegal and the Trial Justice after hearing granted the motion over petitioner's objection, reinstated the plea of not guilty, and is about to proceed with the trial of the action. Petitioner claims that the statute insofar as it forbids the acceptance of a lesser plea of manslaughter in the first degree with respect to 13 year olds while permitting it with respect to 14 year olds is unconstitutional. To assert that claim, petitioner has brought this article 78 proceeding for a judgment declaring the statute unconstitutional and to compel the Trial Justice to reinstate the plea of guilty and to enjoin trial upon a charge of murder in the second degree. I think that an article 78 proceeding is the proper way to present petitioner's contention and that we should not dismiss the article 78 proceeding as an improper remedy, but should accept it and proceed to a consideration of the merits. The petitioner does not have an adequate remedy by way of appeal from an ultimate judgment of

conviction after trial, for what petitioner asserts is the right not to be subjected to a trial after a valid conviction, the right which in criminal cases underlies the constitutional doctrine of double jeopardy and the statutory bar based on previous prosecution (CPL art 40 and § 210.20, subd 1, par [e]). "Prohibition is the traditional remedy designed for this kind of situation" *(Matter of Kraemer v County Ct. of Suffolk County,* 6 NY2d 363, 365). "The instant proceeding fits the traditional mold of the ancient writ which, it has often been held, lies to test whether a court is acting in excess of its jurisdiction, for example, by permitting a second criminal action to be based on a prior prosecution" *(Matter of Abraham v Justices of N. Y. Supreme Ct. of Bronx County,* 37 NY2d 560, 564). In the precise case of a contention by a defendant that a previously accepted plea of guilty to a lesser offense has been unilaterally and improperly vacated we have reviewed such contentions by an article 78 proceeding. *(Matter of Fernandez v Silbowitz,* 59 AD2d 837; *Matter of Sekaloff v Hogan,* 41 AD2d 815; cf. *Lee v County Ct. of Erie County,* 27 NY2d 432.)