■ LAWRENCE CAMPBELL, Appellant, v MICHAEL PESCE, as Criminal Court Judge of City of New York, County of Kings, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to prohibit the further prosecution of petitioner for acts that were the subject of a prior plea and sentence, petitioner appeals from a judgment of the Supreme Court, Kings County (Moskowitz, J.), dated February 23, 1982 which denied the petition. Judgment affirmed, without costs or disbursements. Criminal Court acted properly in vacating petitioner's guilty plea, which had been accepted in violation of CPL 180.50 (subd 2, par [b]) (see *People v Bartley,* 60 AD2d 283, affd 47 NY2d 965; *People v Minaya,* 54 NY2d 360), and his subsequent indictment on new charges was not in violation of principles of double jeopardy. Petitioner's argument that there was an implicit finding of no reasonable cause to believe he had committed an armed felony was directly refuted by the court's acknowledged failure to even consider CPL 180.50 (subd 2, par [b]). The failure to designate the felony complaint as an *armed felony complaint,* as required by CPL 100.15 (subd 4), did not negate the mandate of CPL 180.50 (subd 2, par [b]). Weinstein, J. P., Gulotta, O'Connor and Rubin, JJ., concur.

■ JOSEPH CANNISTRA et al., Respondents, v HERITAGE HILLS OF WESTCHESTER et al., Appellants. — Order of the Supreme Court, Westchester County (Ruskin, J.), entered January 20, 1981, affirmed, with $50 costs and disbursements. No opinion. The examinations before trial shall proceed at the place designated in the order under review, at a time to be fixed in a written notice of not less than 10 days, to be given by plaintiffs, or at such other time and place as the parties may agree. Weinstein, J. P., Gulotta, O'Connor and Rubin, JJ., concur.

■ CLEMENTE CRUZ, Respondent, v HERMAN SCHWABE, INC., Defendant, and Third-Party Plaintiff-Appellant, et al., Defendant. REGAL BAG CORP., Third-Party Defendant-Respondent. — In a negligence action to recover damages for personal injuries, defendant third-party plaintiff Herman Schwabe, Inc. appeals from a judgment of the Supreme Court, Orange County (Ingrassia, J.), dated July 23, 1981, which, after a jury trial, awarded plaintiff $900,000, to be recovered *solely from the appellant.* Judgment reversed, on the law, without costs or disbursements, and new trial granted only with respect to damages unless within 30 days after service upon the plaintiff of a copy of the order to be made hereon, with notice of entry, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Orange County, a written stipulation consenting to reduce the verdict in his favor to $600,000. In such event, the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The verdict in favor of the plaintiff was excessive to the extent indicated. Thompson, J. P., Brown, Rubin and Boyers, JJ., concur.

■ BETTY J. DAVIS et al., Appellants, v CITY OF NEW YORK et al., Respondents. — Order of the Supreme Court, Kings County (Jordan, J.), dated October 4, 1979, affirmed, with one bill of $50 costs and disbursements (see *Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175). Thompson, J. P., Brown, Rubin and Boyers, JJ., concur.