■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE B. ROMERO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred in admitting Special Agent Tillery's testimony regarding Davila's translation of defendant's statements to him. Davila was selected by defendant to act as his agent to effectuate the drug transaction with Tillery. The fact that Davila was also employed by the police as an informant does not alter his status as defendant's agent and the admissibility of this testimony *(see, United States v Alvarez,* 755 F2d 830, *cert denied sub nom. Hernandez v United States,* 474 US 905; *United States v Da Silva,* 725 F2d 828, 831-832). Davila, by acting as defendant's translator, was his agent and provided "no more than a 'language conduit' " for him *(United States v Da Silva, supra,* at 832). We additionally note that Davila testified to defendant's statements. Since Davila acted by common consent of the parties as their translator and agent and testified to defendant's statements, thereby verifying his translation, the trial court correctly admitted Special Agent Tillery's testi-

mony of Davila's translation of defendant's statements to him *(see, People v Randazzio,* 194 NY 147; *cf., People v Chin Sing,* 242 NY 419, 423).

Defendant further contends that his due process rights were violated because the agreement with the paid informant Davila constituted an unlawful contingent fee arrangement. From our review of the contingent fee agreement, we conclude that it did not violate defendant's due process rights *(see, People v Thomasula,* 158 AD2d 126).

We have reviewed the remaining contentions of defense counsel and defendant *pro se* and find them to be without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Mulroy, J.—criminal sale of controlled substance, first degree.) Present—Dillon, P. J., Doerr, Pine, Lawton and Davis, JJ.