Daniel F. McMahon, J.
The People move to have the defendant adjudicated a persistent felony offender under section 70.10 of the Penal Law. Defendant opposed the application and specifically challenged the constitutionality of a prior felony conviction. A hearing was held on June 1, 1976. Defendant also challenged a prior felony conviction not relied upon by the People as a prior felony under this section. The *329 court rules this challenge is not material to the instant application.
The defendant, Henry Matthews, was convicted after a jury trial on April 28, 1976 of robbery in the first degree and related charges. The crimes charged stemmed from two armed holdups of the same branch of the National Bank of Westchester in Mount Vernon within six weeks of each other. The circumstances of each holdup were very similar and defendant was apprehended fleeing from the second holdup. The co-defendant in the indictment covering the second holdup pleaded guilty before trial. Both indictments were consolidated for trial. The evidence of defendant’s guilt on both holdups was overwhelming.
The Assistant District Attorney filed a "statement of the court” pursuant to CPL 400.20 specifying the prior felonies relied upon by the People as statutory basis for defendant being adjudicated a persistent felony offender. The People alleged other facts relevant for such sentence, and the following prior felonies: (1) April 4, 1967: grand larceny in the first degree, sentence 2 Vi to 5 years; (2) September 10, 1970: criminal possession of weapon, 5 years’ probation; (3) December 6, 1971: robbery in the third degree, 0-4 years.
At the hearing the People introduced in evidence: (1) certificate of conviction and sentence of 2 Vi to 5 years in State prison on grand larceny in the first degree, dated April 4, 1976, (2) certificate of conviction and sentence of 5 years’ probation for criminal possession of weapon, dated September 10, 1970, (3) certificate of commitment of 0-4 years sentence on robbery in the third degree, dated December 6, 1971. All convictions were in Supreme Court, Bronx County.
Section 70.10 of the Penal Law requires proof of two or more prior felonies for which there was a sentence of imprisonment in excess of one year and imprisonment on the first prior to the subsequent felony. Prison time has to be served on each. The People rely on (1) the April 4, 1967 conviction and (2) the December 6, 1971 conviction as predicate felonies under this section. The September 10, 1970 conviction is not relied upon as a predicate felony since defendant served no time in prison thereon.
The defendant does not in any way challenge the December 6, 1971 conviction and on the proof offered at the hearing the court finds this to be a prior felony as defined in section 70.10 of the Penal Law.
*330 The defendant does challenge the April 4, 1967 conviction on several grounds. The first is to the constitutionality of the conviction, on the ground that admissions of the defendant were admitted during the trial although defendant had not been given his flMiranda warnings”. The second point of challenge, belatedly made, and with no specifics, in that there was no probable cause for the arrest. The appeal of defendant went to the Court of Appeals which specifically dealt with defendant’s claim that the Miranda warnings were not given (People v Matthews, 25 NY2d 870). The judgment was unanimously affirmed. As to the lack of probable cause for the arrest, the court has reviewed the trial transcript and finds defendant’s claim without merit.
The court finds no merit to any of defendant’s challenges to this conviction and accordingly finds this to be a valid prior felony under section 70.10 of the Penal Law.
Additionally, defendant contends the showing of the prior conviction does not satisfy the statutory requirement since there was no proof of time served under this conviction. The People have the burden of proving the prior conviction and all elements required by section 70.10 of the Penal Law beyond a reasonable doubt. However, the certified copy of conviction and sentence is prima facie evidence of conviction and sentence thereon. This serves as an order of commitment and no further instrument is needed (CPL 380.60). In addition, the presentence report from the Westchester County Probation Department shows defendant was conditionally released on this conviction from Green Haven Correctional Facility on February 2, 1970 and placed under NYS Division of Parole until July 10, 1971. This report was read by defendant’s counsel and defendant personally before the hearing and was in no way challenged. Accordingly, the court finds this contention of defendant to be without merit.
Having found defendant to be a persistent felony offender as defined in section 70.10 of the Penal Law, the court must now consider the appropriateness of sentence under this section. The defendant started his criminal career in 1953 at age 10. His adult crimes commenced in 1959 with a robbery charge and adjudication as a youthful offender. Subsequent thereto, he had 10 charges and 6 convictions. The crimes included crimes against the person as well as crimes against property. In 1968, he was charged with murder in the first degree, but found not guilty (defendant contends this charge was dis *331 missed). However, it was in connection with this episode he pleaded guilty to criminal possession of a weapon for which he was given five years’ probation.
Most significantly, this court finds that defendant’s 1970 conviction (possession of weapon) was committed while on parole; his 1971 conviction (robbery in the third degree) was while on probation; his latest 1976 robbery convictions were also committed while on parole. It is the opinion of this court that defendant has had a persistent and protracted career in crime. Based on the record, he represents a continuing threat to society. He has been offered opportunities of rehabilitation through probation and parole, all to no avail. Notwithstanding the reluctance of courts to impose sentences under this section,* this court cannot perceive of a more compelling case for sentence under this section.
Accordingly, the defendant is adjudged a persistent felony offender and will be sentenced as such.

 According to the statistics of the Department of Criminal Justice Services, there were throughout the State of New York 25,249 felons sentenced in 1975 of which 68 defendants were sentenced as persistent offenders and 21,972 felons sentenced in 1974 of which 20 defendants were sentenced as persistent offenders.