■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 10, 1977, convicting him of attempted murder in the second degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, and case remanded to Criminal Term with a direction that the matter covered by the indictment be transferred to the Family Court, Queens County (see *People v Jones,* 59 AD2d 617). Martuscello, J. P., Damiani, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL MARNER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 16, 1977, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress physical evidence. Judgment reversed, on the law, motion to suppress physical evidence granted, and case remitted to the Criminal Term for further proceedings consistent herewith. The initial "seizure" of defendant's vehicle was unwarranted (see *People v Sobotker,* 43 NY2d 559; *People v Ingle,* 36 NY2d 413). Criminal Term was in error in equating the stop of defendant's vehicle with the exercise of the common-law right of inquiry of a pedestrian, discussed in the majority opinion in *People v De Bour* (40 NY2d 210) (see *People v Sobotker, supra,* p 563). Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL MCELROY, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated January 11, 1977, which, after a hearing, granted defendant's motion to suppress certain physical evidence. Order reversed, on the law and the facts, and motion to suppress denied. The bag containing untaxed cigarettes was directly traceable to the defendant and provided the probable cause to arrest him. Therefore, the physical evidence confiscated at the time of his arrest should not have been suppressed. Titone, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.