864

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL MARNER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 16, 1977, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress physical evidence. By order dated July 10, 1978, this court reversed the judgment, on the law, granted the motion to suppress physical evidence, and remitted the case to the Criminal Term for further proceedings (People v Marner, 64 AD2d 640). On July 9, 1979 the Court of Appeals reversed the order of this court and remitted the case to this court for a review of the facts (47 NY2d 982). Judgment affirmed. No opinion. Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY MATTHEWS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered June 2, 1976, convicting him of robbery in the first degree (seven counts), grand larceny in the second degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence upon him as a persistent felony offender. Judgment reversed, on the law, and verdict and sentences imposed thereon vacated; defendant's pleas of guilty to the indictments entered November 12, 1975 are reinstated and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith. On appeal, defendant contends that the court erred initially in ordering that his pleas of guilty to two indictments be withdrawn, that the pleas of not guilty be reinstated, and that the cases proceed to trial. The record reveals that on November 12, 1975, defendant pleaded guilty to all counts of two indictments. Included in the aggregate of both indictments were seven counts of robbery in the first degree. The trial court promised defendant that the sentence would be 7½ to 15 years, provided the presentence report warranted that sentence. However, when defendant appeared for sentencing on December 29, 1975, the court, having before it the presentence report detailing defendant's extensive criminal background, declined to impose the sentence of 7½ to 15 years it had conditionally promised at the plea. When the defendant then evidenced confusion at the court's offer to allow him to withdraw the guilty pleas and enter not guilty pleas in their place, the court withdrew the guilty pleas on defendant's behalf and reinstated the not guilty pleas. Thereafter, the case came on for a jury trial and, at the conclusion thereof, defendant was convicted as set forth above and was given a 22½-year to life sentence of imprisonment. In our opinion, the pleas of guilty to the two indictments should not have been vacated by the trial court on its motion. A plea of guilty is a conviction (CPL 1.20, subd 13) and in the absence of fraud the court had no power to set aside the plea without the defendant's consent. The "fraud" involved here, i.e., the extent of defendant's criminal background, was in fact contemplated by the court at the time it accepted the pleas of guilty to both indictments, and the court explicitly stated the consequences of such fraud —that it would give the defendant an option to withdraw the plea and have the indictment reinstated (see People v Hardin, 67 AD2d 12). Accordingly, defendant's conviction on the pleas of guilty must be reinstated and defendant remanded for resentence. Upon resentence the court will not be bound by the conditional promise made when the pleas were entered, but may impose such sentence as is appropriate under the circumstances. Titone, J. P., Suozzi, Lazer and Cohalan, JJ., concur. [87 Misc 2d 327.]