**Henry MATTHEWS, Petitioner,**

v.

**Charles SCULLY and Robert Abrams, Respondents.**

No. 83 Civ. 1869 (RLC).

United States District Court,
S.D. New York.

Jan. 12, 1984.

Henry Matthews, petitioner pro se.

Carl A. Vergari, Dist. Atty. of Westchester County, White Plains, N.Y., for respondents; Diane E. Selker, Gerald D. Reilly, Asst. Dist. Attys., White Plains, N.Y., of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Petitioner, pro se, filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 asserting that he had been deprived of rights guaranteed by the due process clause of the 14th Amendment, and that he had been placed in double jeopardy in violation of the 5th Amendment. The case was referred to Magistrate Bernikow, who made proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). In a very thorough opinion, the Magistrate recommended that the petition be dismissed because, he found, petitioner had failed to exhaust his state remedies as to the due process claim. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).[1]

Within the time period designated by the Magistrate, petitioner filed objections to the Magistrate's report. Petitioner argued that he had presented the state court with an opportunity to pass upon the alleged violation of his constitutional rights; in support of this contention he submitted a copy of his Application for Leave to Appeal to the New York State Court of Appeals. In the Application, petitioner requested that the Court of Appeals consider "whether it is a denial of due process of law under the Constitution of this State, and that of the Constitution of the United States for a trial court [to leave] him with no manner of challenging the accuracy or authenticity of the information relied upon [in resentencing petitioner on his guilty plea]." (Exh. to Petitioner's objections at 5). The Application was not considered by the Magistrate

---

1. The Magistrate gave petitioner the option either (1) to refile for habeas relief in a petition that alleges only grounds that have been properly exhausted or (2) to return to state court to exhaust the unexhausted claim described above and any other unexhausted claims he may have and, if he obtains no relief, subsequently file a new federal habeas corpus petition.

in making his recommendation to the Court.[2]

It is, however, on the basis of the Application that the Court must disagree with Magistrate Bernikow; petitioner has exhausted all state remedies since he has fairly presented to the state courts the constitutional question raised in this petition. *Daye v. Attorney General of the State of New York*, (*"Daye II"*), 696 F.2d 186 (2d Cir.1982). Nevertheless, for the reasons elaborated below, I conclude, as did the Magistrate, that the petition must be denied. The Court reaches the merits of the due process claim, but is precluded from considering the double jeopardy allegations.

*Background*

On November 12, 1975, petitioner, acting pro se, in the presence of a legal advisor from the Legal Aid Society pled guilty in County Court, Westchester County, before Judge Theodore Dachenhausen, to the commission of 23 crimes, including robbery and related charges, contained in two indictments. The court promised, in exchange for petitioner's plea, to impose a sentence of 7½ to 15 years. The sentence was, however, specifically conditioned. If the information contained in the presentence report differed so substantially from the representations made to the court by petitioner during his plea bargaining conference that the Judge could not "in good conscience" carry out the promised sentence, then he would provide the petitioner with an opportunity to withdraw his guilty plea and go to trial without any prejudice arising from the guilty plea.

On December 29, 1975, the sentencing date, Judge Dachenhausen, after reviewing the presentence report, decided he could not go forward with the proposed sentence arrangement. "The information now concerning the Defendant's background is in such detail and of such serious nature," he told petitioner, "that the Court feels it cannot in good conscience keep the promise."

(Respondent's Exh. B at 3). Petitioner was, therefore, given the opportunity to withdraw his plea. Since he noted confusion as to how to proceed, still acting pro se, the judge directed that his guilty plea be withdrawn and that a not guilty plea be substituted. He gave petitioner the option of proceeding to trial before another judge, or pleading guilty at some subsequent time.

Petitioner had some understanding of Judge Dachenhausen's decision to change his sentence. "I viewed the Probationary Report [sic] myself, and to a degree ... I understand your Honor's frame of mind, but that only speaks of the man that was. What about the man as is?" (Respondent's Exh. B at 9). The Judge responded, "the best way I can explain it" is that "the hard facts of the reality of your past keep coming up in my mind, and that is the past that I think caused me to reach the point where I feel in confidence I couldn't carry out my sentence promise." (Respondent's Exh. B at 10). Although, at one point, petitioner asked for more specific information concerning Judge Dachenhausen's reliance on his past, the conversation between them continued on a general level. "You have read my Probationary Report [sic]," petitioner appealed to the court; "How would you or anyone be—to expect another human being to come out of an environment that I was in and be whole." (Respondent's Exh. B at 11). After some further discussion, Judge Dachenhausen concluded that petitioner understood the basis for the former's decision. (Respondent's Exh. B at 13).

Subsequently, petitioner elected to proceed to trial. He was convicted of 10 of the 23 counts contained in the two indictments. Judge Daniel McMahon, before whom the trial was held, sentenced petitioner to 22½ years to life in prison, after he was adjudicated a persistent felony offender pursuant to a hearing at which the presentence report was considered. His

---

**2.** It appears that petitioner had not presented the Application to the Magistrate; it was not included in the State's exhibits.

trial conviction and sentence were, however, vacated upon petitioner's appeal to the Appellate Division, *People v. Matthews*, 71 A.D.2d 864, 419 N.Y.S.2d 192 (2d Dep't 1979), which reinstated petitioner's plea of guilty and remanded petitioner to Judge Dachenhausen for sentencing.[3] The court specifically stated that "[u]pon resentence the court will not be bound by the conditional promise made when the pleas were entered, but may impose such sentence as is appropriate under the circumstances." *Id.* at 864, 419 N.Y.S.2d at 193.

Appearing before Judge Dachenhausen for resentencing, petitioner was represented by counsel who argued that petitioner was entitled to specific enforcement of the original sentence agreement. The court could not break the contract, which the plea bargain entailed, counsel maintained, without a finding on the record that "fraud" exists.[4] The record was inadequate, he claimed, because petitioner had not been apprised of the facts which "shock the court to such a degree that it must vacate the bargain." The legal point at issue, petitioner's lawyer stated, concerned

> the fact that the plea bargaining system is an integral part of our criminal justice system... [and] where the judge reserves the right merely to cite the probation report in general, without specification, [it] undermines the whole rights of defendants to enter into a plea bargaining situation.

(Respondent's Exh. G at 10). Matthews also attempted to elicit from the Judge the specific information on which the Judge relied in his sentencing. Judge Dachenhausen responded that he thought the record clear enough, and proceeded to sentence

Matthews as a persistent felony offender to concurrent terms of imprisonment of from 22½ years to life.

Petitioner's counsel appealed to the Appellate Division raising the following claims: (1) that petitioner was entitled to "specific performance" of the originally promised sentence of seven and one-half to fifteen years, (2) that the withdrawal of his guilty pleas had placed him in double jeopardy and (3) that he was denied effective assistance of trial counsel. The Appellate Division affirmed the conviction without opinion, *People v. Matthews*, 85 A.D.2d 935, 445 N.Y.S.2d 670 (2d Dep't. 1981), and the New York Court of Appeals denied leave to appeal. *People v. Matthews*, 56 N.Y.2d 594, 450 N.Y.S.2d 1032, 435 N.E.2d 1105 (1982). Petitioner is at present incarcerated in New York's Green Haven Correctional Facility.

*The Due Process Claim*

1. Exhaustion of State Remedies

■ Initially, the Court must determine whether petitioner has exhausted his state remedies. *See* 28 U.S.C. § 2254(b) and (c); *Anderson v. Harless*, 459 U.S. 4, 5, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 277–78, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971); *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir.1981). Failure to exhaust state remedies with respect to any federal constitutional claim raised here mandates that the habeas petition be dismissed in its entirety. *Rose v. Lundy, supra*, 455 U.S. at 522, 102 S.Ct. at 1205.

■ The exhaustion requirement is considered an "essential element of federal-

---

**3.** The court held that Judge Dachenhausen should not have withdrawn petitioner's guilty plea without the latter's consent. "A plea of guilty is a conviction and in the absence of fraud the court had no power to set aside the plea without the defendant's consent." *People v. Matthews, supra*, 71 A.D.2d at 864, 419 N.Y.S.2d at 193.

**4.** Respondent's Exhibit G at 8. The use of the term "fraud" was somewhat confusing. Although the Appellate Division held that in the absence of fraud the trial court could not set

aside petitioner's plea without his consent, *see* note 2 *supra*, it also condoned the "fraud" involved here: "i.e., the extent of defendant's criminal background, was in fact contemplated by the court at the time it accepted the pleas of guilty to both indictments, and the court explicitly stated the consequences of such fraud—that it would give the defendant an option to withdraw the plea and have the indictment reinstated." (citation omitted). *People v. Matthews, supra*, 71 A.D.2d at 864, 419 N.Y.S.2d at 193.

ism in the administration of criminal justice." *Fielding v. LeFevre,* 548 F.2d 1102, 1106 (2d Cir.1977). State courts, which bear the same responsibility as federal courts to safeguard the federal rights of state criminal defendants, must be afforded an opportunity to consider and correct any violation of federal law before the power of the federal court is invoked. *Daye II, supra,* 696 F.2d at 191; *Fielding v. LeFevre, supra,* 548 F.2d at 1106. To have fairly presented his federal claim, petitioner must have: (1) apprised the state court of essentially the same factual complaint asserted in his federal petition, *see Daye II, supra,* 696 F.2d at 191; *Boothe v. Superintendent,* 656 F.2d 27, 31 (2d Cir.1981); *Twitty v. Smith,* 614 F.2d 325, 331 (2d Cir.1979); and (2) based his state claims on the same legal premise asserted in his federal petition. *See Daye II, supra,* 696 F.2d at 192; *Klein v. Harris, supra,* 667 F.2d at 282; *Twitty v. Smith, supra,* 614 F.2d at 331.

The Magistrate considered only whether petitioner's previous applications, at the trial and Appellate Division levels, for more specific information concerning Judge Dachenhausen's modified sentence and an opportunity to refute the information in the presentence report, were fair presentations of petitioner's constitutional due process claim to the state court. The Court agrees that although petitioner presented to the state court the same factual complaint predicate upon which he now bases his federal petition, he did not sufficiently alert the court to the constitutional dimensions of his legal argument. For this reason, unless petitioner's assertion of a due process claim in his motion for leave to appeal to the state's highest court satisfies the exhaustion requirement, petitioner must be barred from obtaining relief in this Court for failure to exhaust state remedies.

In one respect the issue is readily resolved. "Obviously, if the petitioner has cited the state courts to the specific provisions of the Constitution relied on in his habeas petition, he will have fairly presented his legal basis to the state courts." *Daye II, supra,* 696 F.2d at 192.[5] Petitioner's motion for leave to appeal to the New York Court of Appeals plainly raised the due process issue, citing the federal Constitution explicitly. More discussion is required, however, to determine whether petitioner may raise his due process claim for the first time on appeal to the state's highest court in satisfaction of the exhaustion requirement.

█ The requirement that a petitioner exhaust his state remedies mandates the presentation of his federal constitutional claims to the state courts at least once on direct or collateral review. *Picard v. Connor, supra,* 404 U.S. at 275, 92 S.Ct. at 512 (1971). Although the federal court may require petitioner to present his federal claims at each level of the state appellate process, *Williams v. Greco,* 442 F.Supp. 831, 833 (S.D.N.Y.1977) (Broderick, J.), the ultimate result is the same as when a petitioner presents the constitutional issues for the first time to the state's highest court: in either case the state is afforded a meaningful opportunity to set its own "Constitutional house" in order before resort is made to the federal courts. *See Fielding v. LeFevre, supra,* 548 F.2d at 1106. Accordingly, where, as here, petitioner has presented his constitutional claim to the state's highest court, "that is all that need be done." *Barnes v. Jones,* 665 F.2d 427, 432 (2d Cir.1981) *rev'd on other grounds,* — U.S. ——, 103 S.Ct. 3308, 73 L.Ed.2d 1312 (1983); *cf. Leyva v. Superintendent Green Haven Correctional Facility,* 428 F.Supp. 1, 2 (E.D.N.Y.1977).[6]

---

**5.** More specifically, the issue is whether petitioner's statement apprised the court of the legal premise asserted in his federal petition, since he has, as the Magistrate found, notified the state court of the ·underlying facts from which his claim arises. For example, petitioner questioned Judge Dachenhausen's conduct, regarding his failure to articulate for the record the

reasons supporting his renunciation of the original sentence promise, at the resentencing and during his second appeal to the Appellate Division.

**6.** *See also Taylor v. Scully,* 535 F.Supp. 272, 275 (S.D.N.Y.1982) (Ward, J.) (claim is "fairly presented" if petitioner's state court brief con-

■ One possible source of confusion should also be clarified. The fact that petitioner failed to raise his due process claim either before Judge Dachenhausen or in the course of his state appeal may present the issue of whether petitioner was guilty of a procedural default in presenting his claim in the state courts. New York, like many other states, has a contemporaneous objection rule, which requires that an objection or exception to "a ruling or instruction" be made at the time of such ruling or instruction or "at any subsequent time when the court had an opportunity of effectively changing the same." N.Y.Crim. Proc.Law § 470.05–2 (McKinney 1971). This issue of procedural default is important in the habeas context because of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Principles of comity bar a federal court from reviewing habeas petitions where the state courts have declined to review the merits of a claim of error because of procedural default, unless the petitioner can show "cause" for the default and actual prejudice resulting from the error. *Id.* at 87, 97 S.Ct. at 2506.[7]

■ *Sykes* does not control this case for two reasons. First, whether or not petitioner procedurally defaulted in the state court proceedings, the state did not raise the issue of procedural default to the Court of Appeals.[8] If only the merits are addressed by the briefs and the arguments in the Court of Appeals, as they were here, and the Court itself gives no indication that it is relying on procedural grounds, also the case here, then usually there is no adequate and independent state ground upon which the state judgment rests, and there is no reason to preclude review of the federal claim. *Martinez v. Harris*, 675 F.2d

51, 54 (2d Cir.) *cert. denied*, 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982); *Minor v. Harris*, 556 F.Supp. 1371, 175–76 (S.D.N. Y.1983) (Sofaer, J.).

■ Second, on a more general level, while the exhaustion rule imposed by *Picard v. Connor* and *Rose v. Lundy*, and the forfeiture rule expressed in *Sykes* share similar policy considerations, they are analytically distinct and should be treated separately. *Klein v. Harris*, *supra*, 667 F.2d at 282. The *Sykes* rule is not a component of the exhaustion requirement and should not be superimposed on it. If petitioner has fairly presented his federal claim to the state court, as he has done with regard to the due process claim, the federal claim is open for consideration by this Court.

2. The Merits

In petitioner's appeal for a writ of habeas corpus he claims he was deprived of due process because he was not afforded a full and fair hearing on whether or not he had perpetrated a "fraud" on the court. Apparently, petitioner understood the trial court to have imposed a heavier sentence upon him than the one it had proposed in the course of plea negotiations because the court believed petitioner had misrepresented his criminal history during the plea bargaining process. He, therefore, claimed a right to be able to show that he had dealt honestly with the court and to demonstrate that the information in the probation report on which Judge Dachenhausen had relied was not worthy of the consideration he had given to it.

Petitioner's understanding is not wholly in accord with the facts. The sentencing court did not charge defendant with perpetrating a fraud on the court.[9] Judge Da-

tained words such as "under the due process clause" or "under the Constitution" that expressly spell out petitioner's reliance on United States Constitution as legal basis for relief).

7. Under *Sykes*, where the state court rules on the basis of a procedural default, review of the federal claim is precluded because an adequate and independent state ground exists for the

state court decision. *See Martinez v. Harris*, 675 F.2d 51, 53–54 (2d Cir.1982).

8. Nor did it raise it in the State's brief to the Appellate Division, which was presented to the Court of Appeals.

9. Neither Judge Dachenhausen (at the time he withdrew the pleas) nor the Appellate Division (at the time it reinstated the plea) found that the

chenhausen simply stated that he could no longer uphold the sentencing agreement because of new information revealed to him by the probation report. The probation report was available to petitioner. He knew that Judge Dachenhausen was particularly affected by certain portions of the report describing petitioner's background, and he availed himself of the opportunity given him by Judge Dachenhausen to refute the value of this information. He did not challenge the report's accuracy, nor claim that any of the information in the report was factually misleading. *Cf. Roberts v. United States*, 445 U.S. 552, 556–57, 100 S.Ct. 1358, 1362, 63 L.Ed.2d 622 (1980); *United States v. Robin*, 545 F.2d 775 (2d Cir.1976); *United States v. Weston*, 448 F.2d 626 (9th Cir.1971).

Given these facts, despite petitioner's reference to several cases involving various due process violations in the sentencing process, the crux of petitioner's due process claim must be seen to arise from Judge Dachenhausen's denial of petitioner's request for the specific information on which the Judge relied in withdrawing the original, albeit conditional, sentence promised. Because the Court does not find that the sentencing court must make any specific statement in giving the basis of its sentencing decision, petitioner's claim must fail. Here the reasons are clear enough on any reading of the exchange between the parties.[10] No due process right arises from the desirability of establishing more specific information on the record during the sentencing process. *See People v. Selikoff*, 35 N.Y.2d 227, 238, 360 N.Y.S.2d 623, 633, 318 N.E.2d 784, 794 (1974), *cert. denied* 419 U.S. 1122, 95 S.Ct. 806, 42 L.Ed.2d 822 (1975).

 The record, moreover, does not provide any evidence that Judge Dachen-

hausen acted improperly in the course of the sentencing process. *Cf. United States v. Malcolm*, 432 F.2d 809 (2d Cir.1970).[11] In proposing a sentence under the original plea agreement, the court expressly conditioned that sentence upon the information in the probation report conforming with the information he had received in the course of the plea negotiations. Petitioner understood the conditional nature of the promise (Respondent's Exh. A at 27–29), and the Judge acted well within his discretion in so conditioning the proposed sentence. *People v. Selikoff, supra,* 35 N.Y.2d at 238, 360 N.Y.S.2d at 633, 318 N.E.2d at 794. In withdrawing the proposed sentence, the court explained, if in somewhat abbreviated fashion, that the probation report caused it to reconsider the sentencing promise. Certainly, Judge Dachenhausen did not act unconstitutionally in considering this information, *United States v. Grayson*, 438 U.S. 41, 49–50, 98 S.Ct. 2610, 2615, 57 L.Ed.2d 582 (1978), nor is there any showing that the Judge acted arbitrarily or outside the parameters of his conditional promise to petitioner. There was information in the probation report which the Judge did not have in proposing a sentence during the plea negotiation; he could clearly rely on this information to supplement his judgment. Therefore, even treating broadly petitioner's due process allegations, his constitutional rights were not here abridged.

### The Double Jeopardy Claim

 The Court does not, however, reach the merits of petitioner's second claim in his petition for habeas review. Petitioner alleges that he was placed in double jeopardy in violation of the 5th Amendment of the Constitution when Judge Dachenhausen vacated his plea, and

---

petitioner had committed fraud upon the court. *See* note 2 *supra.*

10. In addition, Judge Dachenhausen engaged in a fairly lengthy dialogue with petitioner in which he explained the reasons that prevented him from keeping the sentence promise and assured himself that petitioner understood his decision.

11. The court in *Malcolm, supra,* framed the issue as "whether the sentencing process conformed with 'fundamental principles of liberty and justice which lie at the base of all our civil and political institutions.'" *Id.* at 815.

8

allowed him to go to trial on the same charges to which he had plead guilty. He did not raise this claim at the time his guilty plea was withdrawn, nor did he raise it at any time prior to his trial, when he was given the opportunity to have his plea reinstated.

When he raised it on appeal to the Appellate Division, the state argued that petitioner had waived the claim under New York Law. The Appellate Division affirmed without opinion. *People v. Matthews, supra.* The silence of the court here, where the prosecutor argued for affirmance both on procedural grounds and on the merits, must be interpreted to be a ruling based on the procedural bar, and federal habeas review is barred by an adequate independent state ground absent cause and prejudice. *See Edwards v. Jones*, 720 F.2d 751, 753 (2d Cir.1983); *Martinez v. Harris*, 675 F.2d 51 (2d Cir.) *cert. denied*, 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982). Neither has been shown here.

Accordingly, petitioner's petition for a writ of habeas corpus is denied.

IT IS SO ORDERED.