In the Matter of KARL MIDGLEY, Respondent, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Appellant. (Appeal No. 1.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. KARL MIDGLEY, Respondent, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Appellant. (Appeal No. 2.)

Fourth Department, July 13, 1978

## APPEARANCES OF COUNSEL

*Louis J. Lefkowitz, Attorney-General (Kenneth Graber* of counsel), for appellant.

*Nathaniel A. Barrell (Norman Effman* of counsel), for respondent.

## OPINION OF THE COURT

Simons, J.

The State appeals from two judgments of the Supreme Court, Wyoming County, one entered March 28, 1977 in an article 78 proceeding, and which ordered appellant to credit respondent Midgley with time served pursuant to a concurrent sentence imposed after he was arrested while absconding from a furlough, and the other, entered April 13, 1978 in a habeas corpus proceeding which ordered respondent's immediate release.

On January 7, 1976 respondent Midgley was sentenced to an indeterminate term of one and one-half to three years on a conviction of attempted burglary in the third degree (Penal Law, § 140.20). On January 19, 1976 he was sentenced to zero to three years, again for attempted burglary in the third degree, this sentence to run concurrently with the previous one. He was received by the State January 19, 1976 and on February 9, 1977 respondent absconded while on furlough. On March 25, 1977, while at large, he was arrested for petit larceny and pleaded guilty to that charge on April 4, receiving a sentence of one-year imprisonment to run concurrently with his prior sentences. Respondent served this petit larceny sentence at Riker's Island and was delivered to the Department of Corrections on December 2, 1977.

Respondent's original conditional release date on the attempted burglary sentences was October 4, 1977. Taking away only the 44 days that he was at large after absconding and crediting the 252 days' time served at Riker's Island on the petit larceny conviction, his adjusted conditional release date on these sentences became November 17, 1977. Appellant, however, refused to credit the 252 days served at Riker's Island on the petit larceny sentence to the prior undischarged attempted burglary sentences and respondent initiated this article 78 proceeding to compel them to do so. On March 24, 1978 Special Term granted his petition and further provided that if the credit entitled respondent to release, appellant was to release him. Appellant did not credit petitioner with time served, did not release him and did not file a notice of appeal until April 5, 1978. The filing of the appeal invoked the automatic stay provision in CPLR 5519.

Unable to obtain the court ordered relief, respondent commenced a habeas corpus proceeding, subject of the second appeal before us, seeking his immediate release on the ground that upon crediting him with the time ordered by the court in the prior article 78 proceeding, his conditional release date had passed and he was entitled to be placed upon conditional release status. The court issued the writ of habeas corpus on April 4, 1978, returnable April 12, 1978. At the hearing on the habeas corpus petition, appellant argued that all proceedings should be stayed pending the appeal of the judgment in the article 78. The court disagreed and ordered appellant to release respondent immediately, holding that because respondent's conditional release date had passed, the Time Allowance Committee could no longer meet to consider how much good time respondent was entitled to.

The appeal of these two orders presents questions on (1) the proper computation of sentences under section 70.30 of the Penal Law and (2) what consequences attend the failure of the Time Allowance Committee to meet and pass upon a prisoner's good time credit.

■ First, appellant contends that respondent was not entitled to credit for time served on the petit larceny sentence because his prior burglary sentences were interrupted when he absconded (Penal Law, § 70.30, subd 7). Therefore, the argument goes, the court in the petit larceny case was powerless to make the petit larceny sentence concurrent with the interrupted burglary sentences. We find no merit to the

argument. Subdivision 1 of section 70.25 of the Penal Law gives the sentencing court authority to make a sentence concurrent with "any undischarged term of imprisonment imposed at a previous time by a court of this state". Section 70.30, on the other hand, regulates the calculation of sentences by correction officials when the sentencing court has not provided otherwise. Nothing in that section is inconsistent with the court's authority under section 70.25 or restricts the power of a sentencing court to impose concurrent sentences.

In addition to the court's statutory authority in this area, respondent is entitled to credit for the 252 days served at Riker's Island because corrections officials are bound by the terms of the commitment, regardless of whether or not the sentence was proper. The proper method for attacking a sentence is by a motion for resentencing in the sentencing court, not in this proceeding *(People ex rel. Coates v Martin,* 8 AD2d 688; see, also, *Middleton v State of New York,* 54 AD2d 450, 452, affd 43 NY2d 678; *Matter of Charos v New York State Dept. of Correctional Servs.,* 53 AD2d 654). And finally, the concurrent sentence was the result of a plea bargain approved by the sentencing court and as such it must be enforced *(People v McClinton,* 43 AD2d 930; cf. *Palermo v Warden of Green Haven State Prison,* 545 F2d 286; and see *Matter of Chaipis v State Liq. Auth.,* 44 NY2d 57).

This case is similar to *Matter of Vogler v Smith* (64 AD2d 824, decided herewith). In *Vogler* the local time was served on a conviction for escape. The escape provision of the statute (Penal Law, § 70.30, subd 6) is virtually identical to the absconding provision involved here. In *Vogler,* however, the inmate was entitled to credit for local jail time pursuant to the explicit provisions of section 70.30 (subd 6, par [a]). Absent a conflict between the sentence imposed and the statute, it was unnecessary to consider the court's independent sentencing power under subdivision 1 of section 70.25. Here, respondent is not entitled to the credit under any of the paragraphs of subdivision 7 of section 70.30.[1] Thus, the issue of the sentencing court's authority is presented squarely and, as we have said, the sentencing court does have the authority to order that the sentence for the crime committed while the attempted burglary sentences were interrupted run concurrently with those previous sentences.

---

1. Section 70.30 (subd 7, par [c]) of the Penal Law might have been applicable if local jail time exceeded the petit larceny sentence imposed.

The judgment in the article 78 proceeding ordering appellant to credit respondent with time served on the petit larceny conviction from March 25, 1977 to December 2, 1977 against the prior burglary sentences should be affirmed.

The second issue raised is the legal consequence of the Time Allowance Committee's failure to determine respondent's conditional release date as required by regulation.[2]

■ In the habeas corpus proceeding Special Term ordered appellant to release respondent to conditional release status immediately. It held that because respondent's conditional release date based upon the recomputed sentence ordered in the article 78 proceeding had passed, the Time Allowance Committee had no authority under the regulations (7 NYCRR 261.3 [b]) to meet to consider respondent's good time allowance. Timely committee action was impossible, of course, because not only had the adjusted conditional release date of November 17, 1977 passed, but also the requirement that the committee meet two months before the prisoner's conditional release date could not be met. The State contends that the failure to comply with that regulation should not result in respondent's release.

Obviously, the prisoner should not be entitled to an advantage because his conduct in absconding has made a meeting of a local Time Allowance Committee unnecessary or impractical during the period of incarceration at another place of confinement[3] and the failure of the Time Allowance Committee to act in this case did not result in a loss of jurisdiction. The prisoner was still subject to a lawful uncompleted sentence and the inactivity of the committee, standing alone, could not shorten that sentence. Under the statutes, the Time Allowance Committee does not take away good time (and extend the period of incarceration). It considers whether and how much good time it will *grant* a prisoner (thereby shortening the period of incarceration) (Correction Law, § 803, subds 1, 4; 7 NYCRR 261.2). Since good time is not a matter of right, the

2. 7 NYCRR 261.3 (b): "the file of each such inmate shall be considered on the second month preceding the month of the earliest possible date he would be entitled to consideration for parole or conditional or other release if that date depends upon the amount of good behavior allowance to be granted (based upon the assumption that he has earned all good behavior allowances that can be granted)."

3. At the time respondent absconded, he was not confined at Attica but at Bayview Correctional Facility and he was returned to Bayview on December 2, 1977. Attica did not receive custody until sometime later and its Time Allowance Committee had no reason to consider his good time earlier.

prisoner remains lawfully imprisoned and habeas corpus relief is not appropriate (cf. *People ex rel. Steinberg v Superintendent of Green Haven Correctional Facility,* 56 AD2d 831).

Furthermore the Time Allowance Committee performs an important function and a court should not peremptorily supersede it. The committee should be given the opportunity to function, to consider the inmate's entire prison record and award good time accordingly *(Matter of Amato v Ward,* 41 NY2d 469, 473-477; see, also, 7 NYCRR 260.3, 260.4). The respondent's remedy for the committee's delinquency was an order of the court directing an immediate hearing to determine the good time respondent was entitled to and to fix his adjusted conditional release date (see *Matter of Greene v Smith,* 52 AD2d 292).

Having said that, however, we hasten to add that the reality is that good time is routinely awarded. It is considered by prisoners and the courts alike as "earned" and the committee action determines how much good time should be "lost", if any. That being so, sentences are informally computed as the maximum less the statutory credit for good time and, the practical result of a Time Allowance Committee's failure to review an inmate's good time allowance prior to his earliest possible conditional release date, as required by the regulations, may be serious and irreparable harm to the prisoner by the improper extension of his period of incarceration, a result which committees should conscientiously seek to avoid.

There are some allegations in the Attorney-General's brief about respondent's lost time, but those allegations are not supported by anything contained in the record and do not justify deducting good time. The Time Allowance Committee should rule on respondent's application within 10 days of our order herein. Unless the committee reasonably determines that he has lost good time credit necessitating his return to prison, he shall continue on conditional release status.

Finally, we point out that respondent's remedy to the invocation of the State's statutory stay in the article 78 appeal is an application to vacate. The court's remedy for failure to obey its order is the exercise of its contempt powers.

The judgment in the article 78 proceeding should be affirmed. The judgment in the habeas corpus proceeding should be reversed. Inasmuch as respondent has been released, albeit erroneously, and is presently subject to supervision, we see no need to order his immediate return to prison until the Time

Allowance Committee has met and his conditional release status has been determined in accordance with this opinion.

CARDAMONE, J. P., HANCOCK, JR., and SCHNEPP, JJ., concur; DENMAN, J., not participating.

Judgment in Appeal No. 1 unanimously affirmed.

Judgment in Appeal No. 2 unanimously reversed and petition dismissed.