■ In the Matter of JOHN A. VOGLER, Respondent, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Appellant.—Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: In June, 1975 respondent was sentenced as a youthful offender to an indefinite term of imprisonment having a maximum of four years. On November 30, 1976 he escaped. He was captured the next day and held in the local jail and on February 8, 1977 he pleaded guilty to escape and was sentenced to one year to be served concurrently with his existing sentence. He remained in the local jail until returned to the Department of Corrections on July 28, 1977. Thereafter, he initiated this proceeding to recompute his sentence. The trial court credited him with the time served in the local jail under section 70.30 (subd 6, par [c]) of the Penal Law and, finding his conditional release date had been improperly adjusted, ordered respondent released. The State contends that respondent's release was unwarranted. Respondent is entitled to credit for the time served in local custody from December, 1, 1976 until July 28, 1977, the date on which he was returned to the State's custody, but the credit for time served both before and after the plea and conviction is authorized under the provisions of section 70.30 (subd 6, par [a]) of the Penal Law because the custody was due to "an arrest or surrender based upon the escape". The provisions of paragraph (c) apply to custody on a charge other than escape. The State contends that this construction is improper because respondent avoids a penalty for his escape. The fact that respondent serves little time for the separate crime, however, is the result of his prompt apprehension and the plea bargain whereby his one-year sentence for escape was made concurrent with his existing sentence (see *Matter of Midgely v Smith*, 63 AD2d 223). There can be no doubt that that was the plea bargain and that the court intended the sentence to be concurrent. It so stated in the sentencing minutes on the escape charge and on the commitment, and the court and correction officials are bound by

the court's agreement (see *Middleton v State of New York,* 54 AD2d 450, 452, affd 43 NY2d 678; *People ex rel. Coates v Martin,* 8 AD2d 688; see, also, *Chaipis v State Liq. Auth.,* 44 NY2d 57). The trial court also held that the appellant had improperly adjusted respondent's date of conditional release. Respondent's original conditional release date was February 7, 1978. Because of his escape, and believing that the escape interrupted the sentence under subdivision 6 of section 70.30 of the Penal Law appellant adjusted the conditional release date from February 7, 1978 to October 7, 1978, scheduling for August, 1976 respondent's initial meeting with the time allowance committee (see 7 NYCRR 261.3). On March 1, 1978 the trial court held that inasmuch as the committee had not met before the conditional release date of February 7, 1978 as required by the regulations, respondent was entitled to immediate release on that date and it therefore granted the writ of habeas corpus and ordered respondent released. We do not find that appellant lost jurisdiction of respondent by reason of its failure to meet on February 7, 1978 (see *Matter of Midgley v Smith, supra).* Respondent had lost 120 days by an earlier superintendent's finding dated July 28, 1977 and as a result of that order, respondent had a new conditional release date of June 7, 1978. The order, not having been reversed by the committee, remained valid under the regulations (see 7 NYCRR 261.3 [g]), and the committee's March 8 meeting complied with the requirement that the time allowance committee meet during the "second month preceding the month of earliest possible date [the prisoner] would be entitled to consideration for * * * conditional * * * release" (7 NYCRR 261.3 [b]). Finally, respondent contends that the sentence on the escape charge prevented any loss of good time. At that time the sentencing court stated the one-year sentence for escape was concurrent with respondent's existing sentence and "any and all time imposed upon you * * * for this violation." Respondent contends that no loss of good time was part of his plea bargain. The loss of good time, however, resulted from several violations, not just the escape, and it was imposed because the time allowance committee's justifiable evaluation that based upon relator's entire record, he was not entitled to conditional release (see *Matter of Amato v Ward,* 41 NY2d 469, 473-474; 7 NYCRR 261.3 [d] [e]). The committee's decision did not abrogate the plea bargain, if such was the fact. The respondent is remanded to the custody of the Department of Corrections to complete the remainder of his prison term. (Appeal from judgment of Wyoming Supreme Court—habeas corpus.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Schnepp, JJ.