■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD FORD, Also Known as JUNIOR BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 22, 1977, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, defendant's guilty plea reinstated, and case remanded to the Criminal Term for resentence or, if the defendant should choose to withdraw his plea of guilty, for a new trial.

These further proceedings shall be conducted before a Justice other than the one who presided at the original trial. On October 5, 1976 the defendant pleaded guilty to the charge of robbery in the third degree in full satisfaction of all charges pending against him. At that time, he admitted taking part in the transactions charged in the indictment. On November 17, 1976, the date set for sentencing, the court, *sua sponte,* vacated the plea because the probation report stated that the defendant denied involvement in the crime charged. We find that the court improperly vacated the defendant's plea of guilty. In spite of the statements made to the probation officer the record fails to disclose any evidence that the defendant desired to withdraw his plea. Once a court accepts a plea, in the absence of fraud, it has no inherent power to set the plea aside without defendant's consent *(Matter of Fernandez v Silbowitz,* 59 AD2d 837; *People v Murphy,* 53 AD2d 530). Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.