■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ETHEL FONVILLE, Appellant.—Appeal by defendant from an amended judgment of the Supreme Court, Queens County, rendered February 28, 1978, which (1) revoked the three-year term of probation imposed on October 28, 1977 upon her conviction of criminal mischief in the fourth degree, upon her plea of guilty, and (2) resentenced her to a one-year term of imprisonment, to be served consecutively to a sentence imposed upon her conviction of petit larceny. Amended judgment reversed, on the law and as a matter of discretion in the interest of justice, and defendant is restored to probation under the conditions heretofore in effect. The defendant pleaded guilty to a charge of petit larceny in Criminal Court, Queens County, and was given a one-year sentence, at a time when she was serving a three-year term of probation on a criminal mischief conviction. The record clearly establishes defendant's reliance, at the time of her plea to the petit larceny charge, on an Assistant District Attorney's representation that the People would "waive prosecution" of any resulting probation violation charge. It was later determined that the District Attorney's office lacked the power to honor the promise since it has no direct role in the initiation of probation violation proceedings (see CPL art 410). When a plea rests in any significant degree on a promise or agreement of the prosecutor so that it has become part of the inducement to the plea, such promise must be fulfilled or the plea

vacated *(Santobello v New York,* 404 US 257). Vacating the petit larceny plea would be an inadequate remedy since defendant has completed serving her one-year sentence under that conviction. "Absent stated countervailing considerations, a promise or representation by one agent of the State should be fulfilled by other agents of the State" *(Matter of Chaipis v State Liq. Auth.,* 44 NY2d 57, 66-67). Considering all the circumstances here, including defendant's completion of her one-year sentence on the petit larceny conviction, justice requires that she be restored to probation. Titone, J. P., O'Connor, Margett and Martuscello, JJ., concur.