■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GINO PRATO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered May 30, 1980, convicting him of robbery in the second degree and burglary in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, defendant's guilty plea is reinstated, and the case is remitted to Criminal Term for further proceedings consistent herewith. The court could not *sua sponte* vacate defendant's guilty plea because the probation report stated that defendant denied involvement in the crime charged. In the absence of fraud, once a court accepts a plea, it has no inherent power to set the plea aside without defendant's consent (*People v Ford,* 65 AD2d 822; *People v Matthews,* 71 AD2d 864). Upon the argument of the appeal, defendant's counsel urged this court to impose the sentence of 1½ to 4½ years which was conditionally promised at Criminal Term

at a time of the plea. We decline to do so since Criminal Term is in the best position to determine whether the probation report is favorable and the extent of the sentence to be imposed. In light of this determination we have not reached the merits of the other arguments advanced. Titone, J. P., Lazer, Brown and Niehoff, JJ., concur.