■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH M. GRANT, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Samenga, J.), rendered June 2, 1982, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Defendant challenges his conviction, entered upon his plea of guilty, in three respects: (1) that the County Court erred in conditioning acceptance of the plea on his implicating another in the crime; (2) that the court erred in failing to impose the lesser sentence it had indicated prior to accepting the plea; and (3) that the court erred in *sua sponte* vacating defendant's original plea of guilty. He does not question the sufficiency of the plea allocution or the voluntariness of the plea. Defendant seeks specific performance of the original plea agreement or, in the alternative, vacatur of the second plea of guilty. There is no basis for the relief sought. A court can impose reasonable conditions on a plea of guilty when that plea is to less than all of the charges against the defendant but satisfies all of them (*People v Esajerre,* 35 NY2d 463, 467). Such conditions must not, however, "amount to overreaching or a denial of a defendant's entitlement to fundamental fairness" (*People v Miller,* 79 AD2d 687, 688, cert den 452 US 919). There is nothing unfair about requiring a defendant to testify against another, at least where, as in the case at bar, the other is already under indictment for the same crimes (cf. *People v Suraci,* 79 AD2d 716). Defendant's second contention is likewise without merit. It is well established that "any sentence 'promise' at the time of plea is, as a matter of law and strong public policy, conditioned upon its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources" (*People v Selikoff,* 35 NY2d 227, 238, cert den 419 US 1122). The court clearly explained to defendant that the plea agreement was so conditioned. The probation report was a sufficient basis for the court to refuse to abide by its original promise. As a general rule, the sentencing court is without authority to vacate a plea of guilty without the consent of the defendant (*People v Prato,* 89 AD2d 860; *People v Ford,* 65 AD2d 822). Where the court determines that it cannot sentence the defendant as indicated prior to acceptance of the plea, the proper procedure is to allow defendant the choice of either withdrawing his guilty plea or accepting a proper sentence (*People v Mack,* 84 AD2d 540). In the case at bar, however, the defendant, by pleading guilty again to the same charge, effectively chose the latter option. Titone, J. P., Gibbons, Thompson and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA KEENE, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Nastasi, J.), rendered October 8, 1982, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious issues that could be raised upon appeal. Counsel is granted leave to withdraw as counsel. (See *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; cf. *People v Gonzalez,* 47 NY2d 606.) Titone, J. P., Gibbons, Thompson and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS NIEVES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ryan, J.), rendered October 17, 1980, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Under the facts of this case the trial court should have charged the defense of justification (see *People v Huntley,* 59 NY2d 868, affg 87 AD2d 488). We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.