■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HARRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered October 20, 1981, convicting him of burglary in the third degree, petit larceny and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On May 11, 1981, the defendant pleaded guilty to the crime of attempted burglary in the third degree in satisfaction of indictment No. 4625/80, charging him with burglary in the third degree, petit larceny, criminal possession of stolen property in the third degree and criminal mischief in the third degree. The defendant admitted to having broken into a store in October 1980 and having removed two sewing machines therefrom. The court promised to sentence the defendant to a term of imprisonment not in excess of 3½ to 7 years to run concurrently with a sentence to be imposed in connection with indictment No. 2524/80. In the course of the plea proceedings, the court made the following query, to which the defendant replied in the affirmative: "Do you understand that when comes the day of sentence so long as I can keep my promise in the case, not to give you anything greater than three and a half to seven to run concurrently with the other case, that you cannot change your mind and take your plea back, do you understand that?" It bears noting that the defendant is no novice to the criminal justice system, being a second felony offender with some 30 prior arrests, most of which involved burglary or the theft of property.

When the defendant appeared for sentencing on indictments Nos. 2524/80 and 4625/80, the court, upon review of the probation report, noted a claim by him that he had been coerced by his attorney into pleading guilty on indictment No. 4625/80. Upon further questioning, the defendant unequivocally informed the court that his attorney had coerced him into pleading guilty. The court thereupon vacated the guilty plea under indictment No. 4625/80 and proceeded to sentence the defendant with regard to indictment No. 2524/80, noting as follows: "This man took a plea before me. I specifically asked him if in any form, shape or manner, did his lawyer coerce him. He now says he was coerced. I'll let him take it back, rather than having a hearing and making it stick,

because if he wants a trial, he'll get one and if—and I underline 'if'—he gets convicted, I hope the judge follows my recommendation and sentences him consecutively".

The matter proceeded to trial, resulting in a jury verdict with regard to the first three counts of the indictment charging the defendant with burglary in the third degree, petit larceny and criminal possession of stolen property in the third degree. The jury could not agree as to a verdict on the count charging the defendant with criminal mischief in the third degree, and that count was dismissed. The defendant was sentenced on October 20, 1981 to concurrent terms of imprisonment of 3½ to 7 years, one year and one year, to be served consecutively to the sentence previously imposed on indictment No. 2524/80.

The defendant maintains on appeal that Criminal Term erred in perfunctorily vacating his plea of guilty solely based on his contention that said plea had been the product of coercion on the part of his attorney. The defendant's argument is predicated on the well-settled tenet that sentencing courts are without inherent power, in the absence of fraud, to vacate a plea of guilty without the consent of the defendant (see, *People v Ifill*, 108 AD2d 202; *People v Prato*, 89 AD2d 860; *People v Mack*, 84 AD2d 540; *People v Matthews*, 71 AD2d 864; *People v Ford*, 65 AD2d 822; *Matter of Fernandez v Silbowitz*, 59 AD2d 837; *People v Damsky*, 47 AD2d 822; *People v Griffith*, 43 AD2d 20, 24). Rather than vacate a guilty plea, *sua sponte*, when it becomes apparent that the sentence bargained for cannot be imposed, the sentencing court must afford the defendant the option of withdrawing his plea and standing trial or allowing the plea to remain if the defendant is willing to accept a sentence other than the one previously promised (*People v Grant*, 99 AD2d 536; *Matter of Fernandez v Silbowitz, supra*).

This is not, however, to be construed as a unilateral limitation of the court's inherent power to vacate orders and judgments. As recently set forth by the Court of Appeals: "Courts traditionally have inherent power to vacate orders and judgments obtained by fraud or misrepresentation. In this State, that power has been exercised in civil cases (*Furman v Furman*, 153 NY 309; *Matter of Holden*, 271 NY 212) and criminal cases (*Matter of Lyons v Goldstein*, 290 NY 19). This power, it should be noted, does not extend to intrinsic fraud, such as perjury at trial, which for policy reasons has been held not to invalidate a judgment (*Jacobowitz v Herson*, 268 NY 130; *Matter of Holden, supra*, p 218). However, the power

does extend to a plea obtained by fraud and misrepresentation *(Matter of Lyons v Goldstein, supra)*. Thus far, the inherent power to vacate a plea has been exercised upon application of the defendant. But there is no reason why the courts should not vacate a fraudulently obtained plea when the application is made by the prosecutor, provided there is no constitutional impediment" *(Matter of Lockett v Juviler,* 65 NY2d 182, 186-187).

In the instant case, the notation in the probation report concerning the defendant's claim that his plea had been coerced, along with his unequivocal assertion to that effect in open court, provided a sufficient basis for the court to refuse to abide by the terms of the plea arrangement *(see, People v Grant, supra)*. It is beyond dispute that "any sentence 'promise' at the time of plea is, as a matter of law and strong public policy, conditioned upon its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources" *(People v Selikoff,* 35 NY2d 227, 238, *cert denied* 419 US 1122). Clearly, a judgment of conviction based upon a guilty plea tainted by allegations of coercion and protestations of innocence is of questionable validity.

Significantly, the defendant failed to in any way challenge the vacatur of his guilty plea in an appropriate manner at a time when the issue was subject to expeditious resolution. This was not a situation where the record reflects an intent by the defendant to stand by his guilty plea as theretofore bargained for *(cf. People v Murphy,* 53 AD2d 530). On the contrary, the defendant himself raised an issue regarding the invalidity of the guilty plea by alleging to the Probation Department that he is innocent and that his counsel had coerced him into taking a plea. By thus raising the spectre of involuntariness and thereafter failing to object to the course of conduct chosen by the court, the defendant effectively consented to the vacatur of his guilty plea. Under these particular circumstances, Criminal Term did not err in vacating the defendant's guilty plea without his consent.

We have considered the defendant's remaining contentions and find them to be without merit. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.