■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSE MIRANDA, Appellant, v ROBERT KUHLMANN, as Superintendent of Sullivan Correctional Facility, et al., Respondents.— Mahoney, P. J. Appeal from a judgment of the Supreme Court (Williams, J.), entered September 19, 1986 in Sullivan County, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was an inmate at Sullivan Correctional Facility when, in February 1982, he was found guilty, after a hearing,

of violating certain disciplinary rules. The sanction imposed included the loss of 180 days of good time. Petitioner apparently did not seek judicial review of this decision. In July 1986, with his conditional release date approaching, petitioner met with the time allowance committee (7 NYCRR 261.3 [b]). The committee effectuated the loss of 180 days of time (7 NYCRR 260.4 [b]) and, as a result, petitioner's period of incarceration was prolonged.

Petitioner instituted this habeas corpus proceeding alleging that he was entitled to an immediate release from prison. Supreme Court converted the proceeding into a CPLR article 78 proceeding and then dismissed it as time barred. Petitioner has appealed.

At oral argument, this court was advised that petitioner has been released from custody such that this appeal is now moot. However, since this case presents an issue of importance which is likely to recur yet evade review *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715), we elect to address the issue.

The time allowance committee does not take away good time and thereby extend the period of incarceration, but determines how much good time should be granted to a prisoner *(see,* Correction Law § 803 [1], [4]). Since good time is not a matter of right, a prisoner remains lawfully imprisoned such that habeas corpus is not a proper vehicle to challenge the determination of the time allowance committee *(Matter of Midgley v Smith,* 63 AD2d 223, 227-228). Further, to the extent that this proceeding constitutes a collateral attack on the 1982 disciplinary determination, review must be obtained by way of a CPLR article 78 proceeding *(see, People ex rel. Dawson v Smith,* 69 NY2d 689; *People ex rel. Jelich v Smith,* 105 AD2d 1125, 1126, *lv denied* 64 NY2d 606) and Supreme Court properly converted this proceeding into a CPLR article 78 proceeding. Since the four-month Statute of Limitations *(see,* CPLR 217) had long since passed, the proceeding was time barred. We agree with the Appellate Division, Fourth Department, that the disposition of the Superintendent's proceeding was not rendered nonfinal by language in the regulations to the effect that a loss of good time is tentative until the recommended loss affects consideration for parole or conditional release *(People ex rel. Jelich v Smith, supra,* at 1126). Accordingly, the petition was properly dismissed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.