■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND GAMBLE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered October 13, 1983, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the defendant's guilty plea to attempted robbery in the first degree is reinstated, and the case is remitted to County Court, Suffolk County, for resentencing.

The County Court erred when it vacated the defendant's guilty plea based on a notation in the probation report indicating that the defendant had denied having committed one element of the crime. Once a court accepts a guilty plea, it has no inherent power to set the guilty plea aside without the defendant's consent in the absence of fraud *(see, People v Prato,* 89 AD2d 860; *People v Ford,* 65 AD2d 822, 823). There is no allegation of fraud in this instance, and the defendant indicated to the court that, notwithstanding his claims of innocence, he believed the plea to be his best option; such behavior cannot be said to constitute consent on the part of the defendant to the vacatur of his guilty plea and the reinstatement of his plea of not guilty.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Weinstein, Spatt and Harwood, JJ., concur.