■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BRUCE HAWKINS, Respondent-Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, Appellant-Respondent.—In a habeas corpus proceeding, the appeal and cross appeal are from an order of the Supreme Court, Dutchess County (King, J.), entered January 22, 1987, which, *inter alia,* granted the writ to the extent of (1) annulling four prison disciplinary determinations, made after Superintendent's hearings, dated May 27, 1984, May 28, 1984, January 9, 1986, and March 17, 1986; (2) annulling so much of a determination of a Time Allowance Committee dated July 24, 1986, as failed to direct that the "good time" which had been withheld from the petitioner as a result of those determinations be restored to him; and (3) remitting the case to a Time Allowance Committee for reconsideration and issuance of a new report.

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the order is reversed, on the law, and the application for a writ of habeas corpus is converted into a proceeding pursuant to CPLR article 78 to review (1) the determination of the Time Allowance Committee dated July 24, 1986, and (2) all of the prior prison disciplinary determinations on the basis of which the petitioner has lost "good time"; and it is further,

Ordered that the determination of the Time Allowance Committee dated July 24, 1986, is confirmed, the proceeding,

insofar as it was to review that determination, is dismissed on the merits, and the proceeding is otherwise dismissed as time barred, without costs or disbursements.

As a result of 25 separate prison disciplinary proceedings which have been brought against him since 1977, the petitioner has been penalized with the loss of a total of 8 years, 7 months, and 15 days of "good time". None of this lost "good time" was restored to the petitioner after consideration of his case by a Time Allowance Committee (hereinafter the committee) on July 24, 1986 *(see,* Correction Law § 803; 7 NYCRR 261.1 *et seq.).* Since the petitioner's continued confinement was not rendered unlawful as a result of the committee's decision not to restore any of his lost "good time", habeas corpus relief is not appropriate *(see, People ex rel. Miranda v Kuhlmann,* 127 AD2d 924; *Matter of Midgley v Smith,* 63 AD2d 223, 227-228). The application for a writ of habeas corpus should have been converted into a CPLR article 78 proceeding *(see, People ex rel. Dawson v Smith,* 69 NY2d 689, 691; *People ex rel. Corcoran v Smith,* 105 AD2d 1142, 1143) and, insofar as it was for an order annulling any of the 25 prior disciplinary determinations, the proceeding should have been dismissed as time barred (CPLR 217; *People ex rel. Miranda v Kuhlmann,* 127 AD2d 924, *supra; People ex rel. Jehlich v Smith,* 105 AD2d 1125, 1126). Insofar as the proceeding was to annul the determination of the committee dated July 24, 1986, on grounds unrelated to the validity of the prior disciplinary determinations, it should have been dismissed as meritless. Since the committee determined to withhold the "good time", which the petitioner had already lost on account of the prior Superintendent's hearings, the petitioner had no right to a further hearing in accordance with the procedures outlined in 7 NYCRR 261.4 *et seq. (see,* 7 NYCRR 261.4 [a]). Bracken, J. P., Kunzeman, Eiber and Spatt, JJ., concur.