■ In the Matter of JOSE HOFFMAN, Petitioner, v STEVEN FISHER et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents to reinstate

the petitioner's plea of guilty to assault in the third degree under Queens County Indictment Number 932/91.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of compelling the respondent Fisher to vacate his order setting aside the petitioner's plea of guilty to assault in the third degree under Indictment Number 932/91 over the petitioner's objection, and the plea is reinstated.

In the absence of fraud, a court has no inherent power to set aside a guilty plea without the defendant's consent (see, *People v Gamble,* 128 AD2d 724; *People v Harris,* 118 AD2d 583, *affd* 69 NY2d 850). As no fraud was alleged here, the People were not entitled to vacatur of the plea. Further, there is no authority for the trial court to vacate a plea should it determine that it cannot honor the agreement as to the sentence to be imposed. Instead, it must allow the defendant the opportunity to withdraw his plea, or face an enhanced sentence. The matter must therefore be remitted to the Supreme Court. If the Supreme Court determines that it should not impose the sentence previously agreed upon, it should afford the petitioner the opportunity to withdraw his plea (see, *Matter of Fernandez v Silbowitz,* 59 AD2d 837). Mangano, P. J., Thompson, Brown and Kunzeman, JJ., concur.