■ In the Matter of MALKA HELBRANS et al., Petitioners, v THADDEUS E. OWENS et al., Respondents. [613 NYS2d 924] — Proceeding pursuant to CPLR article 78 to prohibit the retrial of the petitioners pursuant to Kings County Indictment No. 1533/93, on the ground that to proceed with the trial would violate principles of double jeopardy, or for relief on behalf of all the petitioners in the nature of mandamus, directing the respondents to specifically perform the plea agreements and impose the promised sentences of probation.

Upon the papers filed in support of the proceeding and the papers filed in opposition thereto, it is,

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the writ of prohibition is granted and the trial on Indictment No. 1533/93 is prohibited, the petition is otherwise denied, and the case is remitted to the respondent Justice Owens for sentencing in accordance with his discretion.

We note at the outset that the principles of double jeopardy will not bar a retrial where, as here, the first jury was discharged on consent. Nevertheless, we find that a writ of prohibition must issue in this case, as the court improperly vacated the guilty pleas of the petitioners Shlomo Helbrans and Mordechai Weisz and directed all the petitioners to proceed to trial.

At the plea proceeding, the court stated that if the probation reports presented "certain evidence that will militate against [the imposition of the promised sentences] in good

conscience", it would permit the petitioners Shlomo Helbrans and Mordechai Weisz to withdraw their pleas of guilty, and if they chose to stand by their pleas, the court would impose enhanced sentences.

When the petitioners Shlomo Helbrans and Mordechai Weisz appeared for sentencing, the court concluded that it could not sentence them as it had originally promised. This conclusion was within its discretion *(see, People v Schultz,* 73 NY2d 757, 758). The court then, in accordance with the plea agreements, offered them the choice of either accepting an enhanced sentence on those pleas, or withdrawing the pleas and going to trial on the original charges. They stated that they would stand by their original pleas, but would not accept the court's alternatives, and the court, rather than sentence them in its discretion, directed instead that they proceed to trial. This was error. Once a court accepts a plea, in the absence of fraud, it has no inherent power to set the plea aside without the defendant's consent *(see, People v Gamble,* 128 AD2d 724; *Matter of Lockett v Juviler,* 65 NY2d 182, 186-187; *see also, People v Selikoff,* 35 NY2d 227). As no fraud was alleged here, the court could not vacate the pleas over the petitioners' objections, but should have proceeded to pronounce sentence. Accordingly, the matter must be remitted to Justice Owens for the imposition of sentence.

However, the petitioners Shlomo Helbrans and Mordechai Weisz are not entitled to a writ of mandamus directing the court to sentence them in accordance with the plea agreement. Mandamus is available only to compel ministerial acts, and only where there is a clear, legal right to the relief requested *(see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16; *Klostermann v Cuomo,* 61 NY2d 525, 540). Sentencing is a discretionary act, and a court may decline to sentence as promised so long as "the reasons for departing from the sentencing agreement [are] placed upon the record to ensure effective appellate review of the sentencing court's exercise of discretion *(see, People v Danny G.,* 61 NY2d 169, 174)" *(People v Schultz, supra,* at 758). Mandamus is also not available where an adequate remedy exists by way of appeal, and petitioners Shlomo Helbrans and Mordechai Weisz here can, of course, appeal from any sentence imposed upon them. Mangano, P. J., Thompson, Bracken and Sullivan, JJ., concur.