■ In the Matter of DENNIS MURPHY, Petitioner, v MELVIN BARASCH et al., Respondents. [630 NYS2d 349] —Proceeding pursuant to CPLR article 78 (1) to compel the respondents to reinstate the petitioner's plea of guilty, (2) for specific performance of a plea agreement, and (3) to direct a hearing as to the truth of certain information contained in a pre-sentence report.

Motion by the respondent Justice to dismiss the proceeding.

Ordered and adjudged that the petition is granted solely to

the extent that the respondents shall afford the petitioner an opportunity either to return to his pre-plea status or to maintain his plea of guilty and accept an enhanced sentence, the petition is otherwise dismissed, on the merits, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith, and the trial of Kings County Indictment No. 5049/93 is stayed in the interim.

The petitioner pleaded guilty to an indictment in return for a conditional discharge. At sentencing, the court advised the petitioner that it could not sentence him as originally promised. The court then set aside the petitioner's plea of guilty and directed that the case go to trial, without offering the petitioner an opportunity either to return to his pre-plea status or to maintain his plea of guilty and accept an enhanced sentence.

We conclude, and the People concede, that the petitioner is entitled to an opportunity to maintain his plea of guilty to the indictment and accept an enhanced sentence proposed by the court, or to withdraw his plea. The petitioner is not entitled to specific performance of the original sentence promised as part of his plea bargain *(see, Matter of Helbrans v Owens, 205 AD2d 775)*.

The Supreme Court's failure to conduct a *"Fatico"* hearing *(see, United States v Fatico, 579 F2d 707)* is not reviewable in this collateral proceeding, and the issue of any improvident exercise of discretion in this respect will be reviewable, if at all, on appeal from the judgment of conviction. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.