■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL VASQUEZ, Appellant, v GARY H. FILION, as Superintendent of Coxsackie Correctional Facility, et al., Respondents. [803 NYS2d 720]—

Appeal from a judgment of the Supreme Court (Pulver, Jr., J.), entered November 23, 2004 in Greene County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was convicted in June 1984 of criminal possession of a controlled substance in the fifth degree, criminal possession

of stolen property in the first degree and assault in the second degree, and was sentenced to concurrent prison terms of 1 to 3 years. After serving some prison time, he was released to parole supervision on July 24, 1985. Subsequently, he was convicted of manslaughter in the first degree, criminal possession of a weapon in the fourth degree and criminal possession of stolen property in the first degree. He was sentenced to 12½ to 25 years in prison on the manslaughter conviction and one year in jail on the weapons conviction, to run concurrently with one another. He was sentenced as a second felony offender on the criminal possession of stolen property charge to 1½ to 3 years in prison to run consecutive to the other two charges. The courts imposing these sentences, however, did not specify the manner in which the new sentences were to run against petitioner's undischarged 1 to 3-year sentence. The Department of Correctional Services treated such sentences as running consecutively and calculated petitioner's conditional release date on this basis. As a result, petitioner commenced this proceeding pursuant to CPLR article 70, asserting that the sentences must run concurrently and that he was deprived of credit for time served which would entitle him to be released from prison due to the passage of his conditional release date. Supreme Court dismissed the petition without a hearing, finding that the new sentences ran consecutive to the undischarged sentence and that, therefore, petitioner's conditional release date had not passed. Petitioner appeals.

Initially, we note that petitioner is no longer incarcerated as he was conditionally released on June 18, 2005, thereby rendering the appeal moot (*see e.g. People ex rel. Knoblauch v Murray*, 298 AD2d 716, 717 [2002], *lv denied* 99 NY2d 506 [2003]; *Matter of Smalley v Hogue*, 278 AD2d 753 [2000]). In any event, even if the Department of Correctional Services erred in calculating petitioner's conditional release date, he would not be entitled to immediate release from prison and, therefore, a habeas corpus proceeding is not the proper remedy (*see People ex rel. Wilson v Hanslmaier*, 232 AD2d 702 [1996]). Finally, if we were to convert this proceeding to a CPLR article 78 proceeding and consider the merits, we would find that Supreme Court properly dismissed the petition (*see Matter of Santiago v Van Zandt*, 236 AD2d 728, 729 [1997], *appeal dismissed* 89 NY2d 1085 [1997]).

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.