■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ADRIAN RICHARDSON, Appellant, v CALVIN WEST, as Superintendent of Elmira Correctional Facility, Respondent. [806 NYS2d 276]—

Appeal from a judgment of the Supreme Court (O'Brien, III, J.), entered February 23, 2005 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner commenced this CPLR article 70 proceeding for habeas corpus relief contending that his continued incarceration

beyond his conditional release date is illegal. Specifically, petitioner contends that his good time allowance hearing was untimely and the time allowance committee's determination could not interfere with his executed application for conditional release setting December 2, 2004 as the agreed-upon release date. Supreme Court denied the petition and we affirm.

Inasmuch as the amount of good time granted to a prisoner is not a right (*see People ex rel. Miranda v Kuhlmann*, 127 AD2d 924, 925 [1987], *lv denied* 69 NY2d 612 [1987]) and "the determination to withhold good time did not render petitioner's continued confinement pursuant to his original sentence unlawful" (*Matter of Doolen v Goord*, 277 AD2d 624, 624-625 [2000]), habeas corpus relief is unavailable to challenge a determination of the time allowance committee (*see id.*; *People ex rel. Wilson v Hanslmaier*, 232 AD2d 702 [1996]; *People ex rel. Mabery v Leonardo*, 177 AD2d 766, 766-767 [1991], *lv denied* 79 NY2d 753 [1992]; *People ex rel. Miranda v Kuhlmann, supra* at 925). Moreover, the expiration of petitioner's sentence is the point in time at which the right to release would accrue, not the conditional release date (*see People ex rel. Mabery v Leonardo, supra* at 766-767).

Cardona, P.J., Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.