Appeal from a judgment of the Supreme Court (Garry, J.), entered July 3, 2007 in Chemung County, which denied petitioner’s application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
In 1995, petitioner was convicted of criminal possession of a controlled substance in the third degree and was sentenced to 2 to 6 years in prison. He was subsequently released to parole supervision on three separate occasions, but was returned to the custody of the Department of Correctional Services (hereinafter DOCS) as a parole violator following each release. In 2000, petitioner was convicted of criminal sale of a controlled substance in the third degree and assault in the second degree. *831 He was sentenced as a second felony offender to 5 to 10 years in prison on the criminal sale conviction and three years in prison on the assault conviction, to be followed by three years of postrelease supervision. County Court directed these sentences to run concurrently with one another, but did not specify the manner in which they were to run with respect to the undischarged portion of the 1995 sentence. When petitioner returned to prison, DOCS treated the sentences as running consecutively and added the undischarged portion of his 1995 sentence to the 10-year sentence imposed in 2000 and, after deducting 221 days of jail time credit, calculated his maximum expiration date to be April 5, 2011.
Thereafter, petitioner brought the instant application for a writ of habeas corpus claiming that he is being illegally detained because DOCS did not properly calculate his maximum expiration date inasmuch as it failed to count the 2000 sentences as running concurrently with the undischarged portion of the 1995 sentence. Respondent submitted an affirmation in opposition and Supreme Court denied the petition. This appeal ensued.
We affirm. Habeas corpus relief is available only if an inmate can demonstrate that he or she is entitled to immediate release from prison (see People ex rel. Cropper v Taylor, 48 AD3d 852, 853 [2008], lv denied 10 NY3d 710 [2008]; People ex rel. Washington v Walsh, 43 AD3d 1217, 1217 [2007], lv denied 9 NY3d 816 [2007]). An inmate is not entitled to immediate release from prison until the expiration of his or her sentence (see People ex rel. Richardson v West, 24 AD3d 996, 997 [2005]; see also People ex rel. Price v West, 30 AD3d 852, 853 [2006]; People ex rel. Vasquez v Filion, 22 AD3d 991, 992 [2005]). Although petitioner ascribes error to DOCS’s failure to count the 2000 sentences as running concurrently with the undischarged term of the 1995 sentence, he would not be entitled to immediate release from prison even if the sentences were calculated to run in this manner. In such instance, the unexpired term of the 1995 sentence (one year, two months and five days) would be deducted from the maximum expiration date chosen by DOCS, resulting in a maximum expiration date of January 31, 2010. Insofar as petitioner would not be entitled to immediate release from prison under either scenario, Supreme Court properly dismissed the petition (see People ex rel. Harris v Fischer, 53 AD3d 632, 632 [2008]).
Mercure, J.E, Carpinello, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.