■ In the Matter of PAUL CAMPBELL, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [919 NYS2d 603]—

Rose, J.

Petitioner was serving a determinate prison term of five years when he absconded from a work release program. He was subsequently arrested for, among other things, driving while intoxicated, reckless driving and unlawful fleeing a police officer in a motor vehicle in the third degree. He pleaded guilty to those charges and received an agreed-upon jail sentence of four months, to run concurrently to his unexpired prison sentence. After serving the jail sentence, petitioner was returned to state prison. When the Department of Correctional Services (hereinafter DOCS) declined to give petitioner credit for the jail time that he had served, he challenged that determination in this CPLR article 78 proceeding. Supreme Court dismissed his petition, and he now appeals.

We agree with petitioner that DOCS must give him credit for the time he served because it was pursuant to a definite sentence lawfully imposed to run concurrently with his prison

sentence as part of a plea bargain (*see* Penal Law § 70.25 [1]). Despite respondent's contention that DOCS is unable to credit an inmate's interrupted prison sentence with time served in a local facility for a crime committed while absconded from a temporary release program pursuant to Penal Law § 70.30 (7), we resolve this conflict in favor of requiring DOCS to credit the time served by adopting the Fourth Department's reasoning in *Matter of Midgley v Smith* (63 AD2d 223, 226 [1978]). Otherwise, respondent's interpretation would restrict the sentencing court's conceded authority to impose a concurrent sentence pursuant to Penal Law § 70.25 (1) and negate the plea bargain approved by the court. We also agree with petitioner that a review of the sentencing minutes makes clear that the court fully intended to impose a concurrent sentence here. Accordingly, petitioner is entitled to receive credit against his interrupted prison sentence for the 78 days he served in jail (*see id.* at 226-227; *see also People ex rel. Hicks v Warden, Nassau County Correctional Ctr.*, 127 AD2d 623, 624 [1987], *lv denied* 69 NY2d 612 [1987]).

Mercure, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.