■ In the Matter of LARRY RODRIGUEZ, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [953 NYS2d 732]—

Peters, P.J. Appeal from a judgment of the Supreme Court (McKeighan, J.), entered October 6, 2011 in Washington County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent withholding petitioner's good time allowance.

Petitioner was sentenced to three concurrent terms of imprisonment totaling 16½ years; his maximum expiration date is August 13, 2013 and his original conditional release date was April 21, 2010. Following petitioner's transfer in January 2010 to Great Meadow Correctional Facility in Washington County, the Time Allowance Committee (hereinafter TAC) conducted a meeting to review his good behavior allowances at which petitioner was not present. TAC concluded that petitioner was not entitled to any good time allowance and the determination was affirmed upon administrative review. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 challenging the determination and seeking various forms of relief. Supreme Court granted petitioner's application to the extent that it found that conducting the TAC meeting in his absence was improper and ordered a new meeting at which petitioner must be present.

Petitioner argues that the TAC meeting did not comply with the provisions of 7 NYCRR 261.3 (b) in that it was untimely and conducted in his absence. Petitioner further contends that, as a remedy for these failures, he must be immediately released. Supreme Court correctly found that the TAC meeting was not conducted in compliance with the applicable rules and regulations (*see* 7 NYCRR 261.3). Inasmuch as good time allowances are in the nature of a privilege and not a right, and petitioner is lawfully held until the expiration of his legally imposed sentence, we find that a de novo TAC meeting is the appropriate relief and all the relief to which petitioner is entitled (*see* 7 NYCRR 260.2; *People ex rel. Richardson v West*, 24 AD3d 996, 997 [2005]; *People ex rel. Miranda v Kuhlmann*, 127 AD2d 924, 925 [1987], *lv denied* 69 NY2d 612 [1987]). Petitioner's remaining contentions—including that his lost good time should run concurrently with his confinement to the special housing unit for each disciplinary violation, that the misbehavior reports filed in each of his 75 disciplinary proceedings were inadequate and that he is entitled to monetary damages in connection with the improper TAC meeting—have been considered and found to be without merit.

Lahtinen, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.