Lahtinen, J.P.
Appeal from a judgment of the Supreme Court (McKeighan, J.), entered December 7, 2012 in Washington County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner was acquitted by reason of mental disease or defect in the killing of two persons, but sentenced to prison upon his conviction of various crimes stemming from the killing of two others (People v Justice, 202 AD2d 981 [1994], lv denied 83 NY2d 968 [1994]; People v Justice, 173 AD2d 144, 146 [1991]). He was released to parole in 2005, and was further subject to an order of conditions imposed pursuant to CPL 330.20. Petitioner violated the terms of his parole in numerous respects and, in 2007, his parole was revoked and he was ordered held until the expiration of his sentence. As his conditional release date neared in 2012, he waived his right to be released. Petitioner instead commenced the present habeas corpus proceeding, alleging that respondent Commissioner of Mental Health failed to take certain steps required by CPL 330.20 (12) that would have facilitated his release. Supreme Court dismissed the proceeding, and petitioner now appeals.
We affirm. “Entitlement to immediate release from prison, which does not occur until the expiration of an inmate’s sentence, is a prerequisite for habeas corpus relief’ (People ex rel. D’Adamo v Artus, 61 AD3d 1263, 1263 [2009] [citation omitted]). Petitioner here waived his right to be conditionally released and, regardless, has not yet reached the maximum expiration date of his sentence (see Penal Law § 70.40 [1] [b]; People ex rel. D’Adamo v Artus, 61 AD3d at 1263; People ex rel. Richardson v West, 24 AD3d 996, 997 [2005]; People ex rel. Wilson v Hanslmaier, 232 AD2d 702, 702 [1996]). His remaining contentions, to the extent they are properly before us, have been considered and rejected.
McCarthy, Spain and Egan Jr., JJ, concur. Ordered that the judgment is affirmed, without costs.