■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BROWN, Appellant. [59 NYS3d 391]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered October 22, 2014, convicting him of attempted murder in the second degree (two counts), assault in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the defendant's plea of guilty is reinstated, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

On April 14, 2014, the defendant appeared before the Supreme Court, Kings County (Gubbay, J.), and entered a plea of guilty to two counts of attempted murder in the second degree, in exchange for a determinate term of imprisonment of 18 years, to be followed by 5 years of postrelease supervision. On May 30, 2014, the defendant appeared before the court for sentencing, and the court indicated that the presentence investigation report stated that the defendant had admitted his guilt of the crimes, but had no recollection of the underlying events. The court then engaged in a colloquy with the defendant, and inquired whether he stood by his plea. Although the defendant initially responded in the negative, when asked by the court if he wished to withdraw his plea, the defendant responded "no." The defendant then acknowledged admitting at the plea proceeding that he had acted with intent to kill the victims. However, the court further questioned the defendant, and the defendant indicated that he was highly intoxicated at the time of the incident, and still didn't "know the real story." The court then struck the defendant's plea of guilty, and set the matter down for a trial. Defense counsel immediately sought to reinstate the plea, noting that he had "made a record" before entry of the plea that the defendant was "aware of the intoxication defense," and had considered that issue. The defendant also objected to the vacatur of his plea, denying that he had expressed the desire to assert the issue of intoxication at trial. The court nevertheless refused to reinstate the plea.

The defendant proceeded to trial before the Supreme Court (Garnett, J.), and was convicted of attempted murder in the second degree (two counts), assault in the first degree (two counts), and criminal possession of a weapon in the second degree. On October 22, 2014, the court sentenced the defendant, as a second violent felony offender, to concurrent determi-

nate terms of imprisonment of 25 years on each of the assault and attempted murder convictions as to one complainant, and concurrent determinate terms of imprisonment of 25 years on each of the assault and attempted murder convictions as to the second complainant, to run consecutively to the sentences with respect to the first complainant, for an aggregate sentence of 50 years, and a concurrent determinate term of imprisonment of 15 years on the criminal possession of a weapon conviction.

The defendant contends that the Supreme Court (Gubbay, J.) acted in excess of its authorized power in vacating his plea of guilty without his consent. We agree.

"[I]n the absence of fraud, misrepresentation, deceit, or trickery, courts have no inherent power to set aside a plea of guilty absent the defendant's consent other than to correct their own mistakes" (*Matter of Kurz v Justices of Supreme Ct. of N.Y., Kings County*, 228 AD2d 74, 76-77 [1997] [citations omitted]; *see Matter of Helbrans v Owens*, 205 AD2d 775, 776 [1994]; *Matter of Hoffman v Fisher*, 173 AD2d 826 [1991]; *People v Gamble*, 128 AD2d 724 [1987]; *People v Prato*, 89 AD2d 860 [1982]; *People v Ford*, 65 AD2d 822 [1978]). Moreover, a court may not vacate a plea over a defendant's objection (*see Matter of Helbrans v Owens*, 205 AD2d 775, 776 [1994]).

Here, the People fail to identify, nor is there apparent, any error or mistake made by the Supreme Court in accepting the defendant's plea. Nor is there any evidence of fraud, misrepresentation, deceit, or trickery presented on this record (*see Matter of Kurz v Justices of Supreme Ct. of N.Y., Kings County*, 228 AD2d at 77). The defendant's statements to the probation department to the effect that he was intoxicated and did not remember what had occurred on the night of the shootings cannot be said to constitute consent on the part of the defendant to the vacatur of his plea of guilty and the reinstatement of his plea of not guilty (*see People v Gamble*, 128 AD2d 724 [1987]; *see People v Prato*, 89 AD2d 860 [1982]; *People v Ford*, 65 AD2d 822 [1978]). Further, notwithstanding the court's conclusion and the People's assertion to the contrary, in response to the court's questioning as to whether the defendant wished to proceed to trial and assert an intoxication defense, the defendant merely indicated that he had wished to do so in the past, not that he wished to withdraw the plea and go to trial now. Nor did the defendant unequivocally inform the court that he had been coerced into pleading guilty (*cf. People v Harris*, 118 AD2d 583, 583-584 [1986], *affd* 69 NY2d 850 [1987]). Instead, the record shows that, when the court stated that it would strike the plea and set the matter down for trial, the de-

fendant and his attorney immediately protested, but the court overruled their objections and moved on. The court erred in vacating the plea over the defendant's objections (*see Matter of Helbrans v Owens*, 205 AD2d at 776).

The defendant's remaining contentions have been rendered academic in light of our determination. Dillon, J.P., Hinds-Radix, LaSalle and Connolly, JJ., concur.